357 So.2d 1095 (1978)
STATE of Louisiana, Respondent,
v.
Mark SIMS, Relator.
No. 60898.
Supreme Court of Louisiana.
April 10, 1978.
*1096 Charles F. Duchein, III, Baton Rouge, for relator.
Michael C. Barron, Sp. Counsel, La. Dept. of Public Safety, Baton Rouge, for respondent.
TATE, Justice.
The issue before us primarily involves the construction of a statute which provides for the expungement of arrests relating to misdemeanors, La.R.S. 44:9 (1976). It also involves the related construction of a statute which provides for the dismissal, as an acquittal, of prosecutions for misdemeanors, where the imposition of sentence therefor has been suspended and where the defendant is not charged with or convicted of a criminal offense during the period of suspension. La.C.Cr.P. art. 894 (1975).
We granted certiorari, La., 352 So.2d 1028 (1977), to review the district court's order refusing expungement. The state contends that the accused is not entitled to expungement (1) because he was arrested for a felony (although convicted of a misdemeanor) and (2) because the statute in terms authorizes only expungements of arrests, not of the convictions consequent to the arrests.

(1)
The defendant was originally arrested for possession of marijuana with intent to distribute it, a felony. The district attorney charged him by bill of information with simple possession of marijuana, a misdemeanor.
The defendant pleaded guilty to this misdemeanor. On December 19, 1975, the trial court deferred sentence in accordance with La.C.Cr.P. art. 894 and placed the accused on probation for a period of one year. After the year had expired, the defendant filed a motion to expunge his criminal records under La.C.Cr.P. art. 894 and La.R.S. 44:9.
The motion was granted. The clerk of court of the district court, the sheriff of the parish, the city police, and the state police were directed to expunge all records of the arrest or conviction, as well as to request the Federal Bureau of Investigation to return to them all documents which they had submitted in connection with the arrest of the defendant. The parish and city officials made returns indicating compliance to the extent necessary.
*1097 The state police, however, filed a motion to exclude this state agency from the order to expunge. Upon hearing of the motion, the trial court rescinded its previous order of expungement.

(2)
We have set forth in full La.R.S. 44:9 as Appendix 1 to this opinion and La.C.Cr.P. art. 849 as Appendix 2 to this opinion. The pertinent substance of these statutes is:
A. Article 894 provides that, when a defendant has been convicted of a misdemeanor, the court may suspend the imposition of the sentence; it may place the defendant upon probation for the period of suspension.
Upon expiration of the period of suspension, if the defendant has not been convicted of any other offenses during the period and if no criminal charge is pending against him, "the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense. . . [for purposes of] prosecution of the party as a multiple offender." The statute finally provides that such discharge and dismissal may occur only once during a five year period.
The state points out that this article by itself does not authorize expungement of the conviction, as sought by the accused.
B. La.R.S. 44:9 provides for expungement of arrests for the "violation of a state statute which is classified as a misdemeanor." It provides that the arrested person may obtain an order directing all agencies or law enforcement offices to "destroy" any "record of arrest . . . or any other information of any and all kinds of descriptions," (1) if the prosecution has prescribed or (2) if, after institution, the prosecution has "been finally disposed of by dismissal. . . or acquittal."
The custodian must file a sworn affidavit of compliance with the order. This must affirm that no notices or references have been retained in the central repository "which will or might lead to the inference that any record ever was on file with any agency or law enforcement office." The statute reiterates that "Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of a crime. . . shall . . . enter an order annulling, cancelling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition."
Construing the two statutes together, Article 894 expressly provides that the dismissal of a prosecution under its terms "shall have the same effect as an acquittal" (with limited exceptions, as noted). Likewise, La.R.S. 44:9 explicitly provides that, if a prosecution has been instituted and has been disposed of by "acquittal," then the person arrested is entitled to expungement, not only of any record of arrest, but also of "any other information of any and all kinds of descriptions" which "might lead to the inference that any record ever was on file with any agency or law enforcement office." The statute further provides that the court shall order the expungement not only of the arrest record but also of the "order of disposition."
In view of this express statutory language, we find no merit to the state contention that expungement is not permissible if a prosecution has been instituted and a conviction had. Article 894 provides that "The dismissal of the prosecution shall have the same effect as an acquittal." La.R.S. 44:9 provides that, in the event of an acquittal, the order of disposition as well as the arrest may be expunged.
Nor, in view of the intention of the statute to relieve misdemeanants of a criminal record under the circumstances here present, do we find that the initial arrest, an overcharge for a felony, prevents expungement. The actual offense here committed, as determined by the court (and also by the prosecutor here by his bill of information), is only a misdemeanor. Although the arrest as styled when made was for a felony, it was in fact only an arrest "for *1098 violation of a state statute which is classified as a misdemeanor" La.R.S. 44:9.[1]
The trial court was therefore in error in rescinding its order of its expungement. In fairness to the trial court, it expressed the view that the apparent aims of the statute would better be served by expungement, but nevertheless it felt that, by strict construction of the statute, expungement was not permitted, however fair and desirable.

(3)
The state police, however, have pointed out that to some extent the statutes are contradictory:
La.C.Cr.P. art. 894, for instance, provides that discharge and dismissal may occur under its terms only once during a five-year period; and it further provides that the conviction, once expunged, is considered as an acquittal for all purposes "except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender."
The state suggests that literal compliance with the expungement order would erase any administrative record whatsoever of the conviction. Thus, it suggests, prosecutorial authorities could not obtain from the state police, as central state repository of criminal records, the information necessary to permit prosecutions of multiple offenders, or information necessary to prevent offenders from using Article 894's beneficent provisions more than once in five years.
Construing the two statutes as a whole, however, we find that no such unworkable and contradictory effects were contemplated by the legislature and that the courts may tailor the expungement order to accomplish both expungement (as directed by the statute) and also limited use of the expunged conviction (as likewise contemplated by the statutes). La.C.Cr.P. art. 3.
The primary purpose of the acts in question is rehabilitative. They were designed to prevent individuals aided by their terms from future harassment and embarrassment by virtue of a criminal record. Without the expungement order involved, for instance, the matters of their arrests and convictions are public records open to public inspection; they thereby are made available to members of the public generally, as well as to credit bureaus, prospective employers, and others. La.R.S. 44:1, 3; La.C.Civ.P. art 251. The primary evil sought to be remedied by the statutes was to expunge the arrest and conviction as a matter of public knowledge and information and as an ordinary police or criminal "record" of the person involved.
The statutes themselves indicate, for instance, that an affiant agency should keep a copy of the affidavit with the expungement order, but that, "said copy shall not be a public record and shall not be open for public inspection but rather shall be kept under lock and key and maintained only for internal record keeping purposes." La.R.S. 44:9, subd. A(2).
Similarly, Article 894, by its exceptions language, indicates that the state police at least (the only agency here complaining of the expungement order) may likewise keep as a confidential record the fact of the conviction (acquittal) and the expungement order for two purposes (only):
(1) For those misdemeanors for which the offender may receive enhanced penalties as a multiple offender. (Cf. La.R.S. 14:67, 14:98.) The record of the conviction in such event may serve as a first offense under the terms of Article 894.
(2) The fact of the conviction and the discharge under Article 894, insofar as for a period of five years the offender may not again take advantage of the discharge and dismissal (acquittal) of the prosecution.
*1099 Accordingly, the statute contemplates that the state police may maintain confidential records of the conviction and of the dismissal of the prosecution under La.C. Cr.P. art. 894 for these limited purposes, as well as for the limited purposes of responding to inquiry by prosecutors or judges who request information as to such convictions for the two limited purposes for which the acquittal under La.C.Cr.P. art. 894 nevertheless permits subsequent use of the conviction, as stated above.

Decree
For the reasons assigned, therefore, we reinstate the district court's order of expungement to the affected agencies, with a limited modification of the expungement order with regard to the state police, namely, that the latter agency shall maintain confidential records of the conviction and discharge for the limited purposes and the limited access as set forth above.
EXPUNGEMENT ORDER MODIFIED AND REINSTATED.
DIXON, J., concurs.
SUMMERS, J., dissents.

Appendix 1
La.R.S. 44:9:
Records of violations of municipal ordinances and of state statutes classified as misdemeanors
A. Any person who has been arrested for the violation of a municipal ordinance or for violation of a state statute which is classified as a misdemeanor may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record, if:
(1) The time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted; or
(2) If prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal.
If the court finds that the mover is entitled to the relief sought, for either of the above reasons, it shall order all agencies and law enforcement offices having any record of the arrest, whether on microfilm, computer card or tape, or on any other photographic, electronic or mechanical method of storing data, to destroy any record of arrest, photograph, fingerprint or any other information of any and all kinds or descriptions. The court shall order such custodians of records to file a sworn affidavit to the effect that the records have been destroyed and that no notations or references have been retained in the agency's central repository which will or might lead to the inference that any record ever was on file with any agency or law enforcement office. The original of this affidavit shall be kept by the court so ordering same and a copy shall be retained by the affiant agency which said copy shall not be a public record and shall not be open for public inspection but rather shall be kept under lock and key and maintained only for internal record keeping purposes to preserve the integrity of said agency's files and shall not be used for any investigative purpose. This Subsection does not apply to arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of alcoholic beverages or narcotic drugs, as denounced by R.S. 14:98.
B. Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of a crime set forth above shall at the time of discharge of a person from its control, enter an order annulling, cancelling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this section, and shall be treated in all respects as not having been arrested.
C. Notwithstanding any other provision of this section to the contrary, the provisions of this section shall in no case be construed to effect in any way whatsoever the practices and procedures in effect on July 29, 1970, relating to the administration of the implied consent law.
D. Whoever violates any provisions of this section shall be punished by a fine of not more than two hundred fifty dollars or by imprisonment of not more than ninety days, or both, if the conviction is for a first violation; second and subsequent violations shall be punished by a fine of not more than five hundred dollars or imprisonment of six months, or both.
Added by Acts 1970, No. 445, § 1. Amended by Acts 1972, No. 715, §§ 2, 3; Acts 1974, No. 531, § 1; Acts 1976, No. 678, § 1.

Appendix 2
La.C.Cr.P. art. 894:
Suspension of sentence; probation in misdemeanor cases
A. When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of one year or such shorter period as the court may specify.
When a suspended sentence in excess of ninety days is imposed, the court may also place the defendant on probation under the supervision of the Department of Corrections, division of probation and parole for a period not in excess of two years and upon such conditions as the court may fix.
The court may suspend a misdemeanor sentence after the defendant has begun to serve the sentence.
*1100 B. When the imposition of sentence has been suspended by the court, as authorized by this Article, and the court finds at the conclusion of the period of suspension that the defendant has not been convicted of any other offense during the period of the suspended sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision may occur only once with respect to any person during a five-year period.
Amended by Acts 1972, No. 514, § 1; Acts 1972, No. 651, § 1; Acts 1975, No. 608, § 1.
NOTES
[1] The state initially argued also that it is required by La.R.S. 15:581.8 (1950) to maintain criminal records until five years after the person identified is dead. The statute was obviously superseded by the later enactment of La.R.S. 44:9 (1970, amendments through 1976), insofar as the latter statute is in conflict with the former.