360 So.2d 858 (1978)
STATE of Louisiana
v.
Hayworth L. BRADLEY.
No. 61549.
Supreme Court of Louisiana.
June 19, 1978.
Rehearing Denied July 26, 1978.
*859 Earnest L. Johnson, Baton Rouge, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-relator.
DIXON, Justice.
On February 17, 1976 Hayworth L. Bradley was charged by bill of information with driving while intoxicated in violation of R.S. 14:98. He was tried on October 21, 1976 and, after the presentation of the State's evidence, was granted a directed verdict of acquittal.[1] Following his acquittal, Bradley filed a "motion to expunge criminal records under provisions of LSA-R.S. 44:9." The State objected to the motion on grounds that the statute specifically prohibits the expungement of arrests for D.W.I. At the hearing on the motion the defendant successfully argued that the exclusion of D.W.I. arrests from the expungement statute constituted a denial of equal protection. We granted the State's application for supervisory writs to review the trial court's judgment declaring the last *860 sentence of R.S. 44:9(A)(2) to be unconstitutional.[2]
R.S. 44:9 provides:
"A. Any person who has been arrested for the violation of a municipal ordinance or for violation of a state statute which is classified as a misdemeanor may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record, if:
(1) The time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted; or
(2) If prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal. If the court finds that the mover is entitled to the relief sought, for either of the above reasons, it shall order all agencies and law enforcement offices having any record of the arrest, whether on microfilm, computer card or tape, or on any other photographic, electronic or mechanical method of storing data, to destroy any record of arrest, photograph, fingerprint or any other information of any and all kinds or descriptions. The court shall order such custodians of records to file a sworn affidavit to the effect that the records have been destroyed and that no notations or references have been retained in the agency's central respository which will or might lead to the inference that any record ever was on file with any agency or law enforcement office. The original of this affidavit shall be kept by the court so ordering same and a copy shall be retained by the affiant agency which said copy shall not be a public record and shall not be open for public inspection but rather shall be kept under lock and key and maintained only for internal record keeping purposes to preserve the integrity of said agency's files and shall not be used for any investigative purpose. This Subsection does not apply to arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of alcoholic beverages or narcotic drugs, as denounced by R.S. 14:98.

B. Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of a crime set forth above shall at the time of discharge of a person from its control, enter an order annulling, cancelling or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this section, and shall be treated in all respects as not having been arrested.
C. Notwithstanding any other provision of this section to the contrary, the provisions of this section shall in no case be construed to effect in any way whatsoever the practices and procedures in effect on July 29, 1970, relating to the administration of the implied consent law.
D. Whoever violates any provisions of this section shall be punished by a fine of not more than two hundred fifty dollars or by imprisonment of not more than ninety days, or both, if the conviction is for a first violation; second and subsequent violations shall be punished by a fine of not more than five hundred dollars or imprisonment of six months, or both." (Emphasis added).
The clear language of the statute segregates only D.W.I. arrest records from those which may be expunged. The issue is whether the State may constitutionally accord different treatment to persons arrested but not convicted for driving while intoxicated from those with the same disposition of arrests for other misdemeanors.
Neither the Equal Protection Clause of the Fourteenth Amendment nor Art. 1, § 3 of the Louisiana Constitution of *861 1974 prevents the State in all cases from according different treatment to different classes. It is only when those classifications are not justified by valid State interests that a denial of equal protection may be found. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); McDonald v. Board of Election Commissioners, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1968); Succession of Robins, 349 So.2d 276 (La.1977); Williams v. Williams, 331 So.2d 438 (La.1976). Both the State and the defendant agree that in the present case, there being no "suspect classification" nor "fundamental right" involved, the proper constitutional analysis to be applied is whether the classification created by the legislature bears a rational relation to a legitimate State interest. Hughes v. Alexandria Scrap Corp., 426 U.S. 794, 96 S.Ct. 2488, 49 L.Ed.2d 220 (1976); Marshall v. United States, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); McCormick v. Hunt, 328 So.2d 140 (La.1976); Chabert v. Louisiana High School Athletic Assn., 323 So.2d 774 (La.1975). The fact that a "privilege" is involved rather than a right is of no consequence. Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); Chabert v. Louisiana High School Athletic Assn., supra.
The general purposes of the expungement statute were recently discussed by this court in State v. Sims, 357 So.2d 1095 (La.1978). While the discussion also dealt with a related construction of C.Cr.P. 894, it is nevertheless pertinent to the present issues:
"The primary purpose of the acts in question is rehabilitative. They were designed to prevent individuals aided by their terms from future harassment and embarrassment by virtue of a criminal record. Without the expungement order involved, for instance, the matters of their arrests and convictions are public records open to public inspection; they thereby are made available to members of the public generally, as well as to credit bureaus, prospective employers, and others. La.R.S. 44:1, 3; La.C.Civ.P. art. 251. The primary evil sought to be remedied by the statutes was to expunge the arrest and conviction as a matter of public knowledge and information and as an ordinary police or criminal `record' of the person involved." 357 So.2d at 1098.
Two arguments have been advanced as justification for denying only those arrested for D.W.I. the benefits of expungement. The State first argues that D.W.I. arrest records must be retained so that they will be available for use in license revocation proceedings conducted by the Department of Public Safety under the provisions of R.S. 32:414. Specifically, the State refers to the provisions of R.S. 32:414(D)(4) and (5), which provide:
"D. The department may conduct an investigation to determine whether the license shall be suspended, cancelled or revoked upon a showing by its records or other sufficient evidence that the licensee:
. . . . .
(4) Is an habitually reckless or negligent driver of a motor vehicle;
(5) Is incompetent to drive a motor vehicle;
. . ."
The State's argument is faulty. Under our law evidence of an arrest is generally inadmissible because it constitutes nothing more than an accusation based upon the opinion of the arresting officer. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968); Davis v. Bankston, 192 So.2d 614 (La.App.3d Cir. 1966); Pugh, Work of Appellate Courts, Evidence, 28 La.L.Rev. 436 (1968). The arrest record, therefore, could not be used against the license holder in a revocation proceeding, so the justification advanced by the State is without merit.
The State next argues that it is justified in excluding D.W.I. arrests from the provisions of the expungement statute because of the effect of C.Cr.P. 894 on habitual motor vehicle offender proceedings *862 under R.S. 32:1472.[3] R.S. 32:1471-1478 prohibit driving by and licensing of persons convicted of certain numbers of certain offenses within a five year period.
C.Cr.P. 894 provides:
"A. When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of one year or such shorter period as the court may specify.
When a suspended sentence in excess of ninety days is imposed, the court may also place the defendant on probation under the supervision of the Department of Corrections, division of probation and parole for a period not in excess of two years and upon such conditions as the court may fix.
The court may suspend a misdemeanor sentence after the defendant has begun to serve the sentence.
B. When the imposition of sentence has been suspended by the court, as authorized by this Article, and the court finds at the conclusion of the period of suspension that the defendant has not been convicted of any other offense during the period of the suspended sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision may occur only once with respect to any person during a five-year period." (Emphasis added).
Under this article, if the defendant successfully completes the probation suspension period then the court may set the conviction aside and dismiss the prosecution. The dismissal in all respects has the effect of an acquittal except that it may be used as a first offense in later prosecutions. The article is clearly intended as a rehabilitative device which restores all of the defendant's civil rights and prevents the exploitation of a prior criminal record. State v. Sims, supra. Only when the defendant commits a later offense which makes him susceptible of prosecution as a multiple offender can his prior record be used against him. Department of Public Safety proceedings under R.S. 32:1472 are not "prosecutions;" they are civil proceedings (State v. Page, 332 So.2d 427 (La.1976)). Therefore, an offense for which the imposition of sentence has been suspended under C.Cr.P. 894(B) and subsequently set aside cannot be used in a departmental habitual motor vehicle offender revocation action. Such conviction can only be used in a "subsequent prosecution of the party as a multiple offender." C.Cr.P. 894. The second justification offered by the State for the exclusion of D.W.I. arrest records from the expungement statute is also without basis.
The State has failed to demonstrate any rational basis for the different treatment afforded D.W.I. misdemeanor arrests. Accordingly, the trial court's judgment declaring the last sentence of R.S. 44:9(A)(2) unconstitutional as a denial of equal protection is affirmed.
NOTES
[1] From the record before us it appears that the State was unable to prove that the defendant was the driver of the car at the time of the arrest.
[2] It does not escape us that the beneficial effect of expungement will be somewhat limited for this defendant by the publication of this opinion.
[3] It should be noted that only convictions, not acquittals, can be used under R.S. 32:1472, so no evidence of this defendant's arrest record would be available for use in such a proceeding.