JONES, Judge.
Appellant, Morehouse Parish School Board, suspensively appeals a judgment requiring it to provide free school bus transportation to and from the residence and school for Tanya Harrison, age 6, daughter of appellee, John Harrison. We reverse the judgment of the trial court.
The distance from appellee’s home to Pine Grove School which Tanya attends is 17 miles. Appellee’s residence is on a rural road a distance of .2 of a mile from the main bus route. ■ The state statute pertaining to bus transportation for school children is LSA-RS. 17:158 which states:
“Each parish and city school board shall provide transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education if the student resides more than one mile from such school . . . ”
LSA-R.S. 17:81 provides:
“Each school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.”
Prior to August 1976 the Morehouse Parish School Board policy provided to all school children living in rural areas school bus transportation to and from their residences and school. In August of 1976, the Morehouse Parish School Board decided the policy of picking up all school children in front of their residences was too expensive and passed a resolution creating three buss-ing classifications for school children in rural areas: (1) school busses would continue to transport students living .5 of a mile or more from a main bus route to and from their residences and school; (2) school children living less than .5 of a mile from a main bus route were required to walk to a central meeting place on the main bus route where a school bus would pick them up and drop them off; and (3) the resolution contained a grandfather clause excepting from its provision those children residing less then .5 of a mile from a main bus route who had been picked up in front of their residences the previous school year (these children would continue to be picked up in front of their residences). This service to residences of children living less than .5 of a mile from a main bus route would be permanently discontinued when no children were picked up along such route for one school year.
The school bus driver, pursuant to the new policy, refused to pick up Tanya at her doorsteps (which was .2 of a mile from the main bus route) and required appellee’s child to meet the school bus at the main bus route. Appellee contends the Morehouse Parish School Board is arbitrarily discriminating against his school child in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and Article 1, § 3 of the Louisiana Constitution of 1974 by refusing to pick up his school child in front of his residence while picking up other school children living less than .5 of a mile from a main bus route in front of their residences when such bus service was provided them during the previ *1115 ous school year. Morehouse Parish School Board contends it is not discriminating against appellee’s school child because no child similarly situated to appellee’s child is being treated differently.
In its first reasons for judgment, the trial court held the school board policy of continuing residence to school transportation for school children living less than .5 of a mile from the main bus route but denying residence to school transportation to children similarly situated solely because of an arbitrary change of policy cut off date violated the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. The court cited Dukes v. City of New Orleans, 501 F.2d 706 (5th Cir. 1974), wherein a New Orleans ordinance prohibiting street food vendors from doing business in the French Quarter was invalidated for denial of Equal Protection because of a grandfather clause excepting from its prohibition those who had been in business for 8 years. Upon learning City of New Orleans v. Dukes, supra, was reversed by the Supreme Court, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511, the court granted a new trial for argument only. In its written reasons for judgment on the new trial hearing the court held the school board’s policy treated plaintiff’s child differently from other children similarly situated by distance, and for this reason was a denial of constitutional guarantees of Equal Protection. The court distinguished Dukes v. City of New Orleans, supra, because it approved discriminatory classification in a local economic regulation, whereas this bus case involved a public service.
In the case of Dukes, supra, the Court stated:
“Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest. States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude.” at 303, 96 S.Ct. at 2516.
In the case of State v. Bradley, 360 So.2d 858 (La.1978) the court stated:
“Neither the Equal Protection Clause of the Fourteenth Amendment nor Art. 1, § 3 of the Louisiana Constitution of 1974 prevents the State in all cases from according different treatment to different classes. It is only when those classifications are not justified by valid State interests that a denial of equal protection may be found.” at 861
The bussing regulation does not involve a suspect classification such as race or religion. It does not “trammel fundamental personal rights”. The right in question is the right of a school child to free school bus transportation. In San Antonio Independent School Dist. v. Rodriquez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), the Supreme Court held education is not a fundamental right. It follows the right to free school bus transportation does not involve a fundamental right.
No suspect classification or fundamental right being involved, the issue presented is whether the classification created by the school board is rationally related to a legitimate state interest.
The trial court found the state interest asserted by the school board was “to operate and maintain its school bus system in an economical manner by preventing the creation of new bus routes of distances of less than .5 of a mile”. In Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, the court held allocation of limited public funds to preserve fiscal integrity is a valid state objective. The challenged classification is the grandfather clause provision continuing school bus transportation between residence and school for those children who reside on rural roads less than .5 of a mile from a main bus route if the road was traveled by school busses during the previous year while denying this public service to children similarly situated if such service was not provided *1116 during the previous school year. The school board in its discretion could reasonably decide that limited public funds available for school bus transportation precluded creation of new bus routes from the residences of children living less then .5 of a mile from a main bus route while funds remained adequate to continue preexisting routes of lengths less than .5 of a mile until such time as they could be phased out when no school child lived upon them requiring the service.
In support of its judgment in favor of plaintiff the trial court stated the More-house Parish School Board could not rely on Dukes which involved local economic regulation of business, whereas the instant case involved a service rendered to the public. In Dandridge a state limited welfare benefits to a maximum amount per family regardless of the number of dependents in the family unit. The state statute was attacked as an invidious discrimination against families with large numbers of dependents providing them with less benefits per child than families with fewer children. The court recognized the difference between state regulation of business and industry and state administration of public welfare assistance, but maintained the level of scrutiny of social legislation not involving a suspect class or a fundamental right was the same as for economic legislation:
“In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some ‘reasonable basis’, it does not offend the Constitution simply because the classification ‘is not made with mathematical nicety or because in practice it results in some inequality.’ Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369. ‘The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific.’ Metropolis Theatre Co. v. City of Chicago, 228 U.S 61, 69-70, 33 S.Ct. 441, 443, 57 L.Ed. 730. ‘A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.’ McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393.”
In New Orleans v. Dukes, supra, a city ordinance prohibited vendors from selling food from push carts excepting those vendors who had been in continuous operation for 8 years or more from the prohibition. The court found no violation of the Equal Protection Clause and stated the city council could rationally decide to eliminate street peddlers, a class it concluded detracted from the charm and therefore, the economic vitality of the French Quarter, step by step by eliminating the more recent street vendors first. The city council could conclude the older vendors had built up a more substantial reliance on operating in the Quarter.
Similarly, Morehouse Parish School Board could reasonably decide, in view of limited funds available for bus transportation, the cost of providing new bus transportation to school children whose residences were closer than .5 of a mile to a main bus route was prohibitive and that these children should walk to a central meeting place less than .5 of a mile from their residences to be picked up. This is a permissive state objective to which the classification is rationally related. The school board could conclude these children had not built up a reliance upon being picked up at their doorsteps. Decisions regarding who should be members of a class do not have to be drawn with mathematical exactitude and are best left to the state and its agencies when no suspect class or fundamental right is involved. New Orleans v. Dukes, supra, Williamson v. Lee Optical, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563.
For the reasons assigned, we find the policy of the Morehouse Parish School Board denying bus service to new routes less than .5 of a mile from main bus routes valid and reverse the judgment ordering it to provide school bus service to the daughter of John Harrison from his residence .2 of a mile from the main school bus route to and from the school.
*1117 Let there be judgment herein rejecting plaintiff’s demands, dismissing his suit and casting him for all costs in this matter.