BARRY, Judge.
Ex proprio motu we are reconsidering our prior disposition in K-6813 which we now set aside.
In 1964 applicant pleaded guilty to one count of La.R.S. 14:89, her one year sentence was suspended, and she was placed on probation which was successfully completed. On March 10, 1983 her conviction was set aside and a judgment of acquittal entered pursuant to La.C.Cr.P. Art. 893.[1] In 1986 a motion to expunge her record under La.R.S. 44:9 was denied. The trial court reasoned “that the legislature intended for an expungement to be permissible only where no action had been taken on the part of the prosecutor, to-wit, that the charges had been accepted, but then nolle prossed, the defendant was found not guilty of the offense, or the defendant was arrested and the District Attorney refused to prosecute the charge.” We agree with that reasoning.
La.C.Cr.P. Art. 894 provides that a defendant convicted of a misdemeanor, except criminal neglect of family, and given a suspended sentence (during which time he is not convicted of any other offense and no criminal charges are pending) may have the conviction set aside and the prosecution dismissed. The dismissal “shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender.” La.C.Cr.P. Art. 894 B. La. R.S. 44:9 A(2) provides for expungement when the person was arrested on a misdemeanor charge and the prosecution has been instituted, but the “proceedings have *677 been finally disposed of by dismissal, sustaining a motion to quash, or acquittal.”
In State v. Sims, 357 So.2d 1095 (La.1978), the defendant was arrested for a felony (possession of marijuana with intent to distribute) and pleaded guilty to possession, a misdemeanor. After his one year probationary period expired, he moved to expunge his record. The Supreme Court construed La.R.S. 44:9 together with La.C. Cr.P. Art. 894 to discount the contention that expungement was not permissible if the prosecution had been instituted and a conviction had. The initial arrest and overcharge for a felony did not prevent ex-pungement.
Sims was handed down in April, 1978 and later that same year Act No. 570 was enacted by the legislature in reaction to the opinion. See State v. Nettles, 375 So.2d 1339 (La.1979) (Tate, J., dissenting). Act 570 added subsection E to R.S. 44:9: “No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.”
Act 570 also added subsection F to C.Cr.P. Art. 893: “Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony.” La.R.S. 44:9 E prevented the reading of Art. 893 together with R.S. 44:9 (as the Sims court had done with Art. 894 and R.S. 44:9) to allow expungement of a felony conviction which had been set aside under La.C.Cr.P. Art. 893.
In 1979 in State v. Nettles, supra, the Supreme Court was faced with the question of whether a felony arrest record (defendant was charged with four felony offenses but the charges were refused by the District Attorney) could be expunged when the charges were not accepted. At that time felony arrests were not mentioned in La.R.S. 44:9. The court concluded that the felony arrest could not be expunged.[2] In his dissent, Justice Tate notes Sims and 1978 La.Acts, No. 570 which added subsection E to La.R.S. 44:9. The dissent declares “[tjhat wording clearly prohibits ex-pungement of arrest and prosecution records of convicted felons ...”. 375 So.2d at 1343. Justice Tate concluded the Sims holding was left intact with respect to expungement of felony arrests not resulting in convictions.
In 1981 La.Acts, No. 936, the legislature made clear its intent regarding felony arrests by amending subsection C of R.S. 44:9 to provide: ■
C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record if the district attorney joins the arrested person in the motion, and if:
(a) The time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted; or
(b) If prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal; or
(c) The district attorney declines to prosecute.
There is no expression of intent to allow the expungement of a felony arrest record which results in a conviction or guilty plea as here. In 1985 La.Acts, No. 852, § 1, La.R.S. 44:9 C was again amended to declare:
C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which, he was arrested for expungement of the arrest record if:
(a) The time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted; or
*678 (b) Prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal; or
(c) The district attorney declines to prosecute; and
(d) In cases involving the arrest for possession, manufacture, or distribution of a controlled dangerous substance, the district attorney joins the arrested person in the motion.
This amendment allows a person arrested for a felony to expunge his record even if the District Attorney does not join in his motion, unless the charge relates to possession, manufacture, or distribution of a controlled dangerous substance. Although subsection C(l)(b) states expungement is available if the “[pjrosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal ...” and C.Cr.P. Art. 893 E states setting aside and dismissing the prosecution has “the same effect as acquittal,” the two statutes cannot be read together to allow expungement of a felony conviction.
The legislative intent is clear since La. R.S. 44:9 E remains the same with its proclamation that no court “order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Art. 893 of the Code of Criminal Procedure.” (our emphasis).
There is no legislative authorization for expungement of a felony arrest record when the arrestee is convicted or pleads guilty to the charge even if the conviction is later set aside-under La.C.Cr.P. Art. 893. To the contrary, La.R.S. 44:9 E contains an express prohibition.
The trial court’s denial is affirmed.
AFFIRMED.
WILLIAMS, J., dissents.

. La.C.Cr.P. Art. 893 E provides:
When the imposition of sentence has been suspended by the court, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses.

. The opinion states that the argument that Sims was decided incorrectly is not frivolous, but declares the court was not called upon to reconsider Sims.