JjWRIT GRANTED AND MADE PEREMPTORY. In this application for supervisory writ the state asks this court to reverse a ruling of the trial court which ordered the expungement of all records pertaining to EDB’s 1988 conviction for DWI (1st). EDB pleaded guilty to the charge in October, 1988. The court imposed sentence pursuant to LSA-C.Cr.P. Art. 894. In October, 1993, the trial court held a contradictory hearing at which it was determined that EDB had fulfilled all the conditions of probation. The court signed an order that granted EDB’s motion, dismissed the DWI prosecution under the authority of Art. 894 and ordered the expungement of all records of the DWI proceedings, including records maintained by the DA’s office, under the apparent authority of LSA-R.S. 44:9, the expungement statute. The state contests the order of expungement and points out an apparent conflict between the two statutes.
LSA-C.Cr.P. Art. 894 provides in pertinent part that when a defendant has been convicted of a misdemeanor the court may place the defendant on unsupervised probation upon such conditions as the court may fix. At the conclusion of the period of suspension the court may set the conviction aside and dismiss the prosecution. “The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender.” Subsection (C) of Art. 894 provides “Nothing contained herein shall be construed as being a basis for destruction of records of arrest and *1109 prosecution of any person convicted of a misdemeanor.”
| aLSA-R.S. 44:9, provides in pertinent part that a person who has been arrested and prosecuted for violation of a state misdemeanor may move for expungement of the arrest record “If prosecution ... [has] been finally disposed of by dismissal ... or acquittal.” If the court finds the mover is entitled to relief, the court “shall order all agencies and law enforcement offices having any record of the arrest” to destroy such record.
Even before subsection C was added to the statute in 1978, CCrP 894 B specifically dealt with the problem of misdemeanors that may serve as predicate offenses for enhanced criminal penalties: “The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may he considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender.”
LSA-R.S. 44:9 A(2) similarly provided: “This subsection does not apply to arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of alcoholic beverages or narcotic drugs, as denounced by R.S. 1U-98.” Notwithstanding the quoted language in § 9A(2), a DWI arrest was ordered expunged under the statute when the arrestee was acquitted on the trial of the case. The quoted language was found constitutionally infirm in that it denied equal protection to a DWI arrestee. State v. Bradley, 360 So.2d 858 (La.1978).
Contradictions between the two statutes pre-existed the specific contradiction that the applicant and the respondent presented to the trial court and argue here, subsection C of CCrP Art. 894. State v. Sims, 357 So.2d 1095, 1098 (La.1978). That case noted and resolved the contradictions, reasoning that the primary evil sought to be remedied by the statutes was to expunge the arrest and conviction as a matter of public knowledge and information and as an ordinary police or criminal “record” of the person involved. 357 So.2d at p. 1098. The court emphasized, however, that the statutes also contemplate that the arresting agency may maintain a confidential record (not public) of the eonviction for misdemeanors such as LSA-R.S. 14:98 which may serve as a first [or predicate] offense for enhanced penalties as a multiple offender. The court concluded:
Accordingly, ... the [arresting agency] may maintain confidential records of the conviction and dismissal of the prosecution under La.C.Cr.P. Art. 894 for these limited purposes, as well as for the limited purposes of responding to inquiry by prosecutors or judges who request information as to such [predicate] offenses ... for which the acquittal under La.C.Cr.P. art. 894 nevertheless permits subsequent use of the conviction [as a predicate offense]....
357 So.2d at 1099. Our emphasis.
Applicant argues that subsection C, added to Art. 894, by Act 570 of 1978, prohibits the destruction of the record of any misdemean- or conviction. Subsection C literally reads as applicant argues. Also see and compare LSA-R.S. 15:588, 589 and 593, the source of which statutes antedate subsection C of Art. 894. In the light of Bradley, Sims, and State v. Nettles, 375 So.2d 1339 (La.1979) and of the statutory rules for interpretation of statutes, we do not read subsection C of Art. 894 in isolation from the specific provisions of Art. 894 and LSA-R.S. 44:9 which we have quoted above. LSA-R.S. 1:1-16.
l.sWe find that the legislative intents of both statutes can be harmonized on this record. We hold that relegating the arrest and conviction from a public record to a confidential, and not public, record, for those misdemeanors that may be used as predicate offenses for enhanced penalties does not “destroy” that record as subsection C states, but allows that confidential record to be used for the purpose intended. Compare that part of Act 570 of 1978 that amended CCrP Art. 893 relating to felony arrests and convictions. The 1987 act did not expressly repeal the subsections of Art. 894 and LSA-R.S. 44:9 we have quoted above. The result we pronounce simply gives effect to the current law in both statutes, notwithstanding conflicts between the statutes before and after 1978.
THE APPLICATION IS GRANTED AND IS MADE PEREMPTORY IN THESE RESPECTS:
*1110 The trial court’s ruling ordering complete expungement, of which applicant complains, is hereby amended to provide that applicant and its law enforcement agencies may preserve the record of the DWI first conviction as a confidential record, not as a public record, for subsequent use of that conviction in any lawful manner, including its use as a predicate offense by applicant or other prosecutors or judges who may request that information for that purpose.
The trial court’s judgment is thus amended, and, as amended, is affirmed.