Dear Mr. Dennis:
Our office has received your request for an opinion concerning whether or not a conviction set aside pursuant to Article 893 of the Louisiana Code of Criminal Procedure may be used as a predicate under LSA-R.S.14:95.1. That question was previously answered in the affirmative in Attorney General's Opinion Number 92-320, which cited State v. Jones,539 So.2d 866 (La.App. 4th Cir. 1989).
Therefore, we are of the opinion that convictions set aside by Article893 of the Louisiana Code of Criminal Procedure may be used as a predicate offense under LSA-R.S. 14:95.1.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ ELLISON C. TRAVIS ASSISTANT ATTORNEY GENERAL
ECT/jy
Date released: September 15, 2003
OPINION NUMBER 92-320
RELEASED JUNE 5, 1992
16 — CRIMINAL LAW
47-A — FIREARMS FIREWORKS
60 — LAW OFFICERS
85-A — PERMITS
CCRP 893; R.S. 14:95.1; R.S. 14:95.1(C)(2); R.S.
44:9; 44:9(B)(C)(1)(b); R.S. 44:9(E)
A felony conviction set aside pursuant to LSA-C.Cr.P. art. 893 may not be expunged of record. A felony conviction set aside pursuant to LSA-C.Cr.P. art. 893 may serve as the predicate conviction for a prosecution instituted under LSA-R.S. 14:95.1. Ownership of a firearm may constitute constructive possession of a firearm as one element of the crime of possession of a firearm by a convicted felon. A permit to possess firearms issued to a convicted felon who has completed the requirements of LSA-R.S. 14:95.1(C)(2) is valid only within the parish in which it is issued.
Honorable Johnny Jackson, Jr. Councilmember, District "E" 2E09 City Hall 1300 Perdido Street New Orleans, LA 70112
Dear Mr. Jackson:
This office is in receipt of your inquiry under letter dated April 24, 1992. The opinion request has been assigned to me for research and reply.
We quote the issues as stated in your letter:
 (I) Does the expungement of a felony conviction pursuant to LSA-C.Cr.P. art. 893 remove the disabilities imposed by LSA-R.S. 14:95.1?
 (II) May a felony conviction set aside pursuant to LSA-C.Cr.P. art. 893 be the basis of a prosecution pursuant to LSA-R.S. 14:95.1?
 (III) Does the disability imposed by LSA-R.S. 14:95.1
preclude a party owning, though not possessing, a firearm?
 (IV) Does a permit to possess firearms issued pursuant to LSA-R.S. 14:95.1(C)(2) give the permit holder the right to possess firearms statewide or is the possession limited to the parish in which the permit is issued?
 ISSUE I
The provisions of LSA-C.Cr.P. art. 893 contemplate that the trial court has adjudicated the defendant guilty and pronounced sentence. The statute provides, in pertinent part:
 "When the imposition of sentence has been suspended by the court for the first conviction only, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses" . . . Art. 893(E); (Emphasis added).
The expungement statute is designated as LSA-R.S. 44:9 and allows the expungement of felony arrest records only where the felony arrest does not result in a conviction. LSA-R.S. 44:9(B) and (C), as amended in 1985 and 1989, provide:
 (B) Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of any offense, whether misdemeanor or felony, shall at the time of discharge of a person from its control, enter an order annulling, cancelling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this Section, and shall be treated in all respects as not having been arrested.
 (C)(1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record if the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.
 (2) If, after a contradictory hearing with the arresting agency, the court finds that the mover is entitled to the relief sought for any of the above reasons, it shall order all law enforcement agencies to expunge same in accordance herewith. However, the arresting agency may preserve the name and address of the person arrested and the facts of the case for investigative purposes only. (Emphasis added).
As a result of the 1985 and 1989 amendments, it is no longer necessary to join the district attorney in a motion for expungement of a felony arrest, and the court is required to grant relief if there has been a nolle prosequi, an acquittal, or a dismissal. The remaining text of the statute remains unchanged.
Your inquiry raises the issue of whether a judgment of acquittal entered pursuant to LSA-C.Cr.P. art. 893 should be treated as an acquittal for purposes of LSA-R.S. 44:9(B). This issue has been squarely addressed in the case of State v. Barbin, 510 So.2d 675 (La.App. 4th Cir. 1987); vacated on other grounds, 514 So.2d 451 (La. 1987). The defendant in Barbin was convicted of a felony offense which was set aside pursuant to LSA-C.Cr.P. art. 893. A motion to expunge her record pursuant to LSA-R.S. 44:9 was denied by the trial court. The appellate court affirmed, and referring to the former provision of the statute now designated as LSA-R.S. 44:9(B), stated:
 "Although subsection [R.S. 44:9]C(1)(b) states expungement is available if the `[p]rosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal. . . .' and C.Cr.P. art. 893 E states setting aside and dismissing the prosecution has `the same effect as acquittal,' the two statutes cannot be read together to allow expungement of a felony conviction. . . . There is no legislative authorization for expungement of a felony arrest record when the arrestee is convicted or pleads guilty to the charge even if the conviction is later set aside under La.C.Cr.P. Art. 893." 510 So.2d at 678; (Emphasis added).
The court further noted the express legislative prohibition contained in the language of LSA-R.S. 44:9(E), which states:
 "No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure." (Emphasis added).
In response to your first inquiry, a felony arrest record will not be expunged if the felony arrest results in a conviction. This is true even if the conviction is set aside pursuant to LSA-C.Cr.P. art. 893. Barbin, supra.
 ISSUE II
We answer your second inquiry in the affirmative. The provisions of LSA-C.Cr.P. art. 893 state a conviction which is set aside may be considered as a first offense and provide the basis for a subsequent prosecution of the party as a multiple offender, and the conviction shall be considered as a first offense for purposes of laws relating to cumulation of offenses. LSA-C.Cr.P. art. 893(E). The Louisiana Supreme Court has cited with approval federal jurisprudence which concluded that a defendant could be prosecuted under the federal firearms act even though the defendant's previous conviction had been set aside pursuant to LSA-C.Cr.P. art. 893. See Louisiana State Bar Association v. Porterfield, 550 So.2d 584 (La. 1989), and United States v. Crochet,788 F.2d 1061 (5th Cir. 1986). Further, we note state court jurisprudence which reflects that a conviction set aside pursuant to LSA-C.Cr.P. art. 893 may still serve as the predicate conviction for purposes of the prosecution of a convicted felon for possession of a firearm, a crime defined in LSA-R.S. 14:95.1. State v. Jones,539 So.2d 866 (La.App. 4th Cir. 1989).
 ISSUE III
In response to your third inquiry, we direct your attention to the case of State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir. 1986). In Brooks, the court stated the prosecution must prove the following elements of the crime of possession of a firearm by a convicted felon for a conviction under LSA-R.S. 14:95.1:
 (1) the status of the defendant as a convicted felon, and
(2) an instrumentality defined as a firearm, and
 (3) physical and/or constructive possession of the firearm by the defendant.
As noted, ownership of a firearm is not an element of the offense. Constructive possession is sufficient to establish the possessory element of the offense. State v. Day, 410 So.2d 741 (La. 1982). Constructive possession is established if the weapon is subjected to the person's dominion and control. State v. Bailey, 511 So.2d 1248 (La.App. 2d Cir. 1987). A defendant's admission of ownership of a firearm, coupled with his admission that he resided in the apartment where the firearm was seized, has been held sufficient to sustain a conviction of possession of a firearm by a convicted felon. State v. Melbert, 546 So.2d 948
(La.App. 3rd Cir. 1989).
LSA-R.S. 14:95.1 does not exclude antique firearms and does not require that the firearm possessed by the defendant be operable. The fact that a shotgun was manufactured in the 1800's did not require the government to present evidence that the gun was operable in order to show that it was a "firearm" for purposes of conviction. State v. Hill, 562 So.2d 12
(La.App. 5th Cir. 1990); writ den., 567 So.2d 99 (La. 1990).
Based on the foregoing cited cases, it is our opinion that a convicted felon could successfully be prosecuted for possession of a firearm by virtue of his ownership of a firearm. Of course, the other elements of the crime (i.e., status of the defendant as a convicted felon, and instrumentality defined as a firearm) must be met.
 ISSUE IV
In response to your fourth and final inquiry, we note a convicted felon is not allowed under LSA-R.S. 14:95.1 to possess a firearm within ten (10) years of completion of sentence, probation, parole or suspension of sentence. Subsection C(2) of this statute provides an exception to this rule when the convicted felon applies for and receives a permit to possess firearms from the sheriff of the parish in which he lives. The issuance of the permit is within the discretion of the sheriff. See Attorney General Opinion Numbers 87-371, and 88-11, copies of which are attached. Your specific inquiry concerns the territorial boundaries of the permit, if issued. Although no express legislation exists concerning the territorial boundaries of a "permit to possess" a firearm, there is statutory authority addressing the issuance of a permit for a concealed weapon, which provides:
 "The chief law enforcement officer of a parish shall have the authority to issue a concealed handgun permit to an individual, which permit shall be valid only within the boundaries of the chief law enforcement officer's parish." LSA-R.S. 40:1379.1(F); (Emphasis added).
It is a generally accepted axiom that a police officer's power is limited to the jurisdiction in which he is employed, absent express legislative authority. See Attorney General Opinion Number 88-116, a copy of which is attached. It is the opinion of this office that any permit to possess firearms issued to a convicted felon who has completed the requirements of LSA-R.S. 14:95.1(C)(2) would be valid only within the confines of the parish in which it is issued.
In summary, it is the opinion of this office that a felony conviction set aside pursuant to LSA-C.Cr.P. art. 893 may not be expunged of record. A felony conviction set aside pursuant to LSA-C.Cr.P. art. 893
may serve as the predicate conviction for a prosecution under LSA-R.S.14:95.1. Ownership of a firearm may constitute constructive possession of a firearm as one element of the crime of possession of a firearm by a convicted felon. Finally, a permit to possess firearms issued to a convicted felon who has completed the requirements of LSA-R.S.14:95.1(C)(2) is valid only within the parish in which it is issued.
We trust this interpretation of the law is helpful to you. The opinions released from this office are advisory in nature. A binding, final determination of these issues would arise only after judicial review. Should you have further questions regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: Kerry L. Kilpatrick Assistant Attorney General
RPI/KLK/ams