Dear Mr. Stewart:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You asked the following questions:
 May the Orleans Parish Juvenile Court employ an individual who has been arrested for or convicted of a crime?
 Is there any provision in state or federal law that would prohibit the Orleans Parish Juvenile Court from hiring an individual who has had his record expunged?
 Does any law require the Orleans Parish Juvenile Court to deny employment to a prospective employee who has expunged his juvenile delinquency record pursuant to LSA-Ch.C. art. 917 et seq?
 What if the Orleans Parish Court was aware of such a juvenile expungement because said expungement was ordered in that court?
 Can the Orleans Parish Juvenile Court consider such information in making a hiring decision?
To address your first question, pursuant to LSA-R.S. 15:825.3,"No operator, staff person, or employee of a juvenile detention, correction, or treatment facility shall be hired by the department until such person has submitted his fingerprints to the Louisiana Bureau of Criminal Identification and Information so that it may be determined whether or not such person has been convicted of or has pled nolo contendere to a crime listed in R.S. 15:587.1(C). If it is determined that such person has such a conviction or has entered a plea of nolo contendere to a crime listed in R.S. 15:587.1(C), that person shall not be hired." K.S. v. Summers, 2001-0794 (La.App. 1 Cir. 5/23/01), 799 So.2d 510.
Furthermore, LSA-RS 15:587.1(C). states "[t]he crimes to be reported under this Section are those defined in:
 (1) R.S. 14:30, R.S. 14:30.1, R.S. 14:31, R.S. 14:41
through R.S. 14:45, R.S. 14:74, R.S. 14:78, R.S. 14:79.1, R.S. 14:80 through R.S. 14:86, R.S. 14:89, R.S. 14:89.1, R.S. 14:92, R.S. 14:93, R.S. 14:93.2.1, R.S. 14:93.3, R.S. 14:106, R.S. 14:282, R.S. 14:286, R.S. 40:966(A), R.S. 40:967(A), R.S. 40:968(A), R.S. 40:969(A), and R.S. 40:970(A) or convictions for attempt or conspiracy to commit any of those offenses;
 (2) Those of a jurisdiction other than Louisiana which, in the judgment of the bureau employee charged with responsibility for responding to the request, would constitute a crime under the provisions cited in this Subsection, and
 (3) Those under the Federal Criminal Code having analogous elements of criminal and moral turpitude."
Therefore, pursuant to the statues referenced, it is the opinion of this office that the Orleans Parish Juvenile Court may not employ someone that has been convicted of one of the crimes listed in LSA-RS 15:587.1(C). In reference to a personthat has been arrested for a crime, there is no statute or caselaw that governs this matter.
 To address your second question, LSA-R.S. 44:9 sets forth theguidelines and rules that regulate expungements. Pursuant toLSA-R.S. 44:9(G), `Expungement' means removal of a record frompublic access but does not mean destruction of the record. Anexpunged record is confidential, but remains available for use bylaw enforcement agencies, criminal justice agencies, the LouisianaState Board of Medical Examiners, the Louisiana State Board ofNursing, the Louisiana State Board of Dentistry or the LouisianaState Board of Examiners of Psychologists. The general rule setsforth that an expunged record is confidential as to the public.The purpose of the expungement provisions in the public recordslaw is to allow citizens to avoid embarrassment and harassmentgenerated by a public criminal record that had not been timelyprosecuted or that has been dismissed. State v. Simms,357 So.2d 1095 (La. 1978). However, only the public will be forbidden from obtaining information regarding arrest; all law enforcement agencies will maintain confidential, non-public access to these records.
Thus, an expungement does not affect the collection and processing of criminal history record information by the Louisiana Department of Public Safety Corrections or the Louisiana Bureau of Criminal Identification Information. An expungement does not affect the non-public dissemination of such information to any court, criminal justice agency or law enforcement agency involved in the detection, investigation, apprehension, prosecution, sentencing, confinement, release, or rehabilitation of criminal offenders.State v. Savoie, 92-1586 (La. 5/23/94),637 So.2d 408.
It is the opinion of this office, pursuant to LSA-R.S. 44:9, that there is no prohibition placed upon the Orleans Parish Juvenile Court to employ someone that has had their criminal record expunged, so long as it was not for a crime pursuant to LSA-R.S.15:587.1(C). In reference to federal law prohibiting the employment of a person with an expunged record, , there is nostatute or case law that governs this matter.
To address your third question, in Louisiana, LSA-Ch.C. arts.917—922 govern expungement of records of juvenile criminal conduct. These articles express what juvenile delinquency records and reports that may be expunged, State v. L.B., 179, 95 2116 (La.App. 1 Cir. 5/30/96), 676 So.2d. LSA-Ch.C. art. 920(A) states, "[a]n order for the expungement of juvenile court records must be in writing and, except as hereinafter provided, must require that the clerk of court destroy all records relating to the conduct or conditions referred to in the motion for expungement, including but not limited to pleadings, exhibits, reports, minute entries, correspondence, and all other documents." LSA-Ch.C. art. 921(A)(1) states, "[e]xcept as otherwise provided by law, all officials, agencies, institutions, boards, systems, and law enforcement offices, and their employees, agents, and consultants, destroy all reports and records whether on microfilm, computer memory device, or tape, or any other photographic, fingerprint, or any other information of any kind and all kinds or descriptions relating to the conduct or conditions referred to in the motion for expungement." Last. LSA-Ch.C. art. 922 states that, "[e]xcept for the limited purposes stated in Articles 920 and 921, upon an order of expungement, the conduct and conditions expunged are considered nonexistent and are to be treated as such upon inquiry. These statutes call for the destruction of all records and reports, except for the limited purposes stated in Articles 920 and 921, and are to be considered as nonexistent upon inquiry.
Therefore, it is the opinion of this office that a person who is suspected of having a juvenile delinquency record that has been expunged pursuant to LSA-Ch.C. arts. 917—922, should not be denied employment pursuant to the strict guidelines pertained in the respective statutes. If employment is denied, the denial must be based upon information outside of the persons purported juvenile delinquency record.
To address questions four and five, this office does not have any opinion(s) concerning this matter. You may want to forward your inquiry to the Judiciary Commission or the Board of Ethics regarding these questions.
If the office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
BY: ________________________________
 MARTY WHITE ASSISTANT ATTORNEY GENERAL
MW/jh/jy