STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-283

JOSHUA I. CROMPTON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-67
HONORABLE CLAYTON DAVIS, JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**REVERSED IN PART AND REMANDED.**

Harrietta J. Bridges
Stephen A. Quidd
P.O. Box 66614, Drawer B-4
Baton Rouge, LA 70896
COUNSEL FOR DEFENDANT-APPELLANT:
    State of Louisiana, Department of Public Safety and Corrections,
    Office of Motor Vehicles

Adam Johnson
P. O. Box 849
Lake Charles, LA 70601
COUNSEL FOR PLAINTIFF-APPELLEE:
    Joshua I. Crompton

**PAINTER, Judge.**

Defendant, the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles (the DPS), appeals a trial court judgment dismissing the Application for Review and ordering the DPS not to keep an internal record of Plaintiff, Joshua I. Crompton's, refusal to submit to the chemical test for intoxication on June 10, 2012. Finding that the matter of destruction of the records was not properly before the court, we reverse the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was arrested on June 10, 2012, for driving while intoxicated. Because he refused the chemical testing to obtain a blood alcohol level, the DPS suspended his license for a year. Plaintiff requested an administrative hearing at the conclusion of which the administrative law judge affirmed the suspension of his license. Plaintiff filed an Application for Review by the district court.

In the meantime, the separate criminal charge for DWI was amended to reckless operation, and Plaintiff pled guilty to the reduced charge. On August 1, 2013, his driving privileges were reinstated when he paid the fine of $100.00 imposed for the reduced offense.

A trial on the Application for Review was held on September 11, 2013. Plaintiff moved for dismissal of the application for judicial review then asked that the DPS be ordered to remove from its internal records the notation of Plaintiff's refusal to submit to a chemical test for intoxication. The trial court granted both the motion to dismiss and the issuance of the order. The DPS appeals.

## DISCUSSION

The DPS asserts that this matter was not properly before the court on the Application for Review, and we agree. La.R.S. 44:9(A) provides in pertinent part

for the expungement of a misdemeanor arrest and destruction of the records, as follows:

(1) Any person who has been arrested for the violation of a municipal or parish ordinance or for violation of a state statute which is classified as a misdemeanor may make a written motion to the district, parish, or city court in which the violation was prosecuted or to the district court located in the parish in which he was arrested, for expungement of the arrest record, under either of the following conditions:

(a) The time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted; or

(b) If prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal.

(2) If the court finds that the mover is entitled to the relief sought as authorized by this Subsection, it shall order all agencies and law enforcement offices having any record of the arrest, whether on microfilm, computer card or tape, or on any other photographic, electronic, or mechanical method of storing data, to destroy any record of arrest, photograph, fingerprint, or any other information of any and all kinds or descriptions. The court shall order such custodians of records to file a sworn affidavit to the effect that the records have been destroyed and that no notations or references have been retained in the agency's central repository which will or might lead to the inference that any record ever was on file with any agency or law enforcement office. The original of this affidavit shall be kept by the court so ordering same and a copy shall be retained by the affiant agency which said copy shall not be a public record and shall not be open for public inspection but rather shall be kept under lock and key and maintained only for internal record keeping purposes to preserve the integrity of said agency's files and shall not be used for any investigative purpose. This Subsection does not apply to arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of alcoholic beverages or narcotic drugs, as denounced by R.S. 14:98 or 98.1.

While the statute states that it does not apply to arrests for first or second offence DWI, this provision was found unconstitutional by the Louisiana Supreme Court in *State v. Bradley*, 360 So.2d 858 (La.1978).[1]

---

[1] An alternate means of obtaining destruction of records is contained in La.R.S. 44:9(J).

2

Since Plaintiff did not file a written motion for the expungement of his arrest and destruction of the records, it was not properly before the trial court at the time of the hearing on the Application for Review. Accordingly, we reverse the judgment of the trial court insofar as it orders the destruction of any internal records of Plaintiff's refusal to submit to chemical testing.

## CONCLUSION

For these reasons, the judgment of the trial court is reversed insofar as it orders that the DPS is not to keep an internal record of Plaintiff's refusal to submit to chemical testing. The matter is remanded to the trial court. Costs of this appeal are assessed to Plaintiff, Joshua I. Crompton.

**REVERSED IN PART AND REMANDED.**