Dear Ms. Scardino:
This office is in receipt of the request of the Board of Embalmers and Funeral Directors for an opinion of the Attorney General in regard to the consequences of an expungement in reference to R.S. 37:846 (A) which provides that the "Board may refuse to grant, refuse to renew, or may suspend or revoke, any license when the applicant or licensee is found guilty of any of the following acts or omissions: * * * (9) Conviction of any felony or any offense involving moral turpitude * * *."
You indicate a licensee, who had failed to advise the Board of a prior felony conviction, appeared before the Board with a copy of a "Motion and Order to set Sentence Aside and Dismiss Prosecution" as he had tendered his plea under C.Cr.P. Art. 893. You further state the Board has historically refused to grant or renew an individual's license for anyone convicted of a felony until that individual has secured a pardon from the Governor. You ask whether or not an expungement has the same effects as a pardon.
In answer to your question we find it significant to note that this office has concluded in Atty. Gen. Op. No. 95-293 that the automatic first offender felony pardon does not have the same effect as a governor's pardon, and the first offender felony pardon is not equivalent to an acquittal or a dismissal of the prosecution for the purposes of R.S. 44:9 and C.Cr.P. Art. 893. It was observed that under the jurisprudence a pardon by the governor restores the offender to the status of innocence, and in contrast, the automatic first felony offender pardon does not restore the status of innocence. The automatic pardon of a first felony offender does not alter the existence of the conviction.
We feel the same conclusion must be reached that the procedure under C.Cr.P. Art. 893 does not alter the existence of the conviction under the circumstances in question.
We find support for this in Atty. Gen. Op. No. 95-204. This office concluded that the Grant Parish School Board may consider the convictions of employees in their determination of whether to revoke their tenure pursuant to R.S. 17:443 finding a suspension pursuant to C.Cr.P. Art. 893 does not remove the felony convictions from this review.
In this Opinion reliance was placed upon the decision of the Louisiana Supreme Court in Louisiana State Bar Assn. v.Porterfield, 550 So.2d 584 (La. 1989). Therein Porterfield pled guilty to possession of cocaine with intent to distribute but sentence was deferred under C.Cr.P. Art. 893, and after satisfactory completion of probation the charges were dismissed. The Supreme Court reasoned in disciplinary proceedings the "Bar Association looks only to the historical fact of the conviction. Any later actions which the courts may take (with the exception, of course, of vacating or reversing the conviction on direct appeal) are irrelevant . . . . Later actions by the trial judge may go to the issue of mitigation, but they do not change the fact that a conviction has occurred".
This is consistent with the ruling of the court in State v.Barbin, 510 So.2d 675 (La.App 1987). The court declared, "There is no legislative authorization for EXPUNGEMENT of a FELONY arrest record when the arrestee is convicted or pleads guilty to the charge even if the CONVICTION is later set aside under LA.C.Cr.P. Art. 893. To the contrary La. R.S. 44:9 (E) contains an express prohibition."
Under these court decisions and earlier opinions of this office based upon the jurisprudence, we feel we must conclude that the fact of the conviction may be considered in connection with R.S.37:846A(9).
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR