CRAIN, Judge.
The sole issue before us is whether a party in a civil action may obtain the “rap sheet” of another party from the State’s centralized computer-based criminal justice information system for discovery purposes.
Defendants in a civil action had issued a subpoena duces tecum and subpoena for deposition to Colonel Paul Fontenot as Director of the Louisiana State Police and Deputy Secretary of the Louisiana Bureau of Criminal Identification and Information (Bureau). Defendants sought the criminal history infor *42 mation (“rap sheet”) pertaining to Vérnon Ellerbe, plaintiff in the civil action. In response, the Bureau filed a motion to quash the subpoena. After a hearing on the matter, the motion to quash was denied and the Bureau was ordered to deliver the requested documents in a sealed envelope to defense counsel, who was to retain custody of the documents and deliver them to the court for inspection prior to dissemination to counsel. The Bureau appealed the judgment.
The scope of discovery by the parties in a civil action encompasses any matter not privileged, regardless of its admissibility at trial if the information is reasonably calculated to lead to the discovery of admissible evidence. La.C.C.P. art. 1422. A party or the person from whom discovery is sought may move for a protective order which may be issued for good cause to protect a person or party from annoyance, embarrassment, oppression or undue burden or expense. La.C.C.P. art. 1426. The Bureau contends the information sought (“rap sheet”) is privileged pursuant to La.R.S. 15:575-597, and is thus not discoverable.
The legislature established the Bureau (La.R.S. 15:575-597), to provide for the “complete and timely collection, processing, and dissemination ' of available information on crime, offenders, and the operations of the criminal justice system” through a centralized system in order to promote the improvement of: public safety, sound law enforcement and the administration of criminal justice. La.R.S. 15:575(1). The legislature was further motivated by the goals of seeking reduction of crime, and the protection of citizens and law enforcement personnel. La. R.S. 15:575(4). Among the stated functions, powers and duties of the Bureau pursuant to La.R.S. 15:578 are:
A. (1) To establish and maintain a central repository of criminal history record information and to adopt regulations and procedures to prescribe the terms and conditions under which eligible individuals or agencies may gain access to such information.
[[Image here]]
(3) To adopt and promulgate regulations to protect the privacy and security of criminal history record information exchanged with the bureau by any state or local criminal justice agency.
[[Image here]]
C. For the purpose of expediting local, state, national, and international efforts in the detection and apprehension of criminals, the bureau may operate and coordinate all communication systems which may be required in the normal conduct of its duties.
The Bureau was empowered by La.R.S. 15:579 to issue rules and regulations:
... consistent with United States Department of Justice requirements, governing the maintenance of privacy and security of criminal records; governing access to and use of records maintained by the central repository; governing restrictions to access and use by authorized agencies or individuals of any state owned or operated system of communications utilized for transmitting criminal history record information to or from the bureau; and governing the purging of any information maintained by the bureau as permitted by law.
The Bureau is mandated to cooperate with the United States Department of Justice and other federal criminal justice agencies and criminal justice agencies of other states to develop a comprehensive state, interstate, national, and international system of criminal information, identification, investigation records and statistics. La.R.S. 15:584. The number of persons or entities authorized to have access to the “rap sheet” information is extremely limited. The Bureau has the duty, upon request, to provide any information contained in its criminal history record and identification files to various enumerated state agencies including any eligible criminal justice agency. La.R.S. 15:587(A)(1). The Bureau is also required to provide specific information upon request and under certain conditions to employers or others who are responsible for the actions of persons in a position of supervisory or disciplinary authority over children pursuant to the Louisiana Child Protection Act, La.R.S. 15:587.1. Additionally, an individual has access to his *43 personal criminal history information record under certain circumstances. La.R.S. 15:588.
Pursuant to La.R.S. 15:589, the Bureau also has the duty to adopt rules and regulations to establish and maintain security and control:
... over any data processing or telecommunication system, facilities and personnel recruitment and such processing or communication related assignment policies of the department as become necessary to ensure compliance with all applicable security standards at the state and national level for storage and transmission of criminal history record information. To the maximum extent feasible, the bureau shall regulate through the design, implementation, and operation of the criminal justice information system the privacy and security of information contained herein.
Further, each agency which is required to report data to the Bureau is required to abide by the rules and regulations adopted by the Bureau. La.R.S. 15:594.
A reading of La.R.S. 15:575-597 evidences the clear intent of the legislature to maintain the privacy and confidentiality of the criminal history summaries obtained and stored in the Bureau’s databank. Such information is privileged respecting third parties. Federal, state, interstate and municipal criminal justice agencies, and specifically enumerated agencies and individuals are exempted from the restriction.
The public has the right to examine public records. LA. CONST., art. XII, Sec. 3; La. R.S. 44:1 et seq. The general definition of what constitutes a public record is provided in La.R.S. 44:1(A)(2):
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are “public records,” except as otherwise provided in this Chapter or as otherwise specifically provided by law. (Emphasis ours).
Under certain conditions the arrest records of a person are exempt from the Public Records Act. La.R.S. 44:3(A) provides in part:
A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts or intelligence agencies of the state, which records are:
[[Image here]]
(4) (a) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any followup or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record.
Subsection D of La.R.S. 44:3 provides:
Nothing in this Section shall be construed to prevent any and all prosecutive investigative, and law enforcement agencies and communications districts from having among themselves a free flow of information for the purpose of achieving coordinated and effective criminal justice.
*44 The “rap sheet” information collected and stored in the Bureau’s databank is statutorily exempted from the Public Record Act given the numerous conditions and requirement of confidentially mandated by the legislature in the establishment of the Bureau in La.R.S. 15:575-597.
Even were we to find that the “rap sheet” is not statutorily exempt from the Public Records Act, the privacy interest of the individual to his criminal history summary collected and stored in the Bureau’s databank significantly outweighs the public’s right of access to this information.
In United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), the Supreme Court held that in a civil case, an individual’s right to privacy in his FBI “rap sheet” outweighs society’s interest in the release of the “rap sheet” pursuant to the Freedom of Information Act. The Court reasoned that Congress provided for the exchange of FBI “rap sheet” information among authorized officials of the federal government, the states, cities and penal institutions. 28 U.S.C. Sec. 534(a)(4). Congress further provided that the exchange of FBI “rap sheet” information with any other agency is subject to cancellation if dissemination is made outside the receiving departments or related agencies. 28 U.S.C. Sec. 545(b).
In (United States Dept. of Justice), 489 U.S. at 753-754, 109 S.Ct. at 1471-1472 the Supreme Court stated:
Although much rap sheet information is a matter of public record, the availability and dissemination of the actual rap sheet to the public is limited. Arrests, indictments, convictions, and sentences are public events that are usually documented in court records. In addition, if a person’s entire criminal history transpired in a single jurisdiction, all of the contents of his or her rap sheet may be available upon request in that jurisdiction. The possibility, however, is present in only three States. All of the other 47 States place substantial restrictions on the availability of criminal-history summaries even though individual events in those summaries are matters of public record. Moreover, even in Florida, Wisconsin and Oklahoma, the publicity available summaries may not include information about out-of-state arrests or convictions.
(Footnotes omitted). The Court further observed that:
There is a vast difference between the public records that might be found after a diligent search of courthouse files, county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information.
This conclusion is supported by the web of federal statutory and regulatory provisions that limits the disclosure of rap-sheet information.
[[Image here]]
[Tjhese statutes and regulations, taken as a whole, evidence a congressional intent to protect the privacy of rap-sheet subjects, and a concomitant recognition of the power of compilations to affect personal privacy that outstrips the combined power of the bits of information contained within.
Id. 489 U.S. at 764, 109 S.Ct. at 1477. The Court further stated that “[t]he privacy interest in a “rap sheet” is substantial. The substantial character of that interest is affected by the fact that in today’s society the computer can accumulate and store information that would otherwise have surely been forgotten long before a person attains age 80, when the FBI’s rap sheets are discarded.” Id. at 770, 109 S.Ct. at 1480.
The court found that the purpose of the Freedom of Information Act (similar to our Public Records Act), is to open agency action to the light of public scrutiny. The information about private citizens which happens to be in the government warehouse does not foster that purpose. Id. at 773, 109 S.Ct. at 1482.
The “rap sheet” at issue is confidential and not available to third party access. This decision is based on the fact that the “rap sheet” is not a public record pursuant to La.R.S. 44:1(A)(2) because dissemination of its contents is prohibited by La.R.S. 15:575-597. It is further buttressed by the fact that the substantial privacy interest of an individ *45 ual in his “rap sheet” outweighs the public’s right to be informed of what our government is up to, which is the policy behind the Public Record Law. Third parties still have access to public records located and contained in individual courthouses, police stations, and the like. They do not have access to the centrally compiled criminal record history information collected and stored in the Bureau’s centralized computer system.
Accordingly, we reverse the judgment of the trial court. Costs are assessed against appellees.
REVERSED.