LOTTINGER, Chief Judge.
The single issue presented for review:' Is Louisiana Administrative Code, Title 28, part I, Section 903E(1), invalid as a result- of a conflict with La. R.S. 17:15? From a judgment ruling that it is invalid, the Louisiana State Board of Elementary and Secondary Education (BESE) and the State Superintendent of Education have appealed suspensively.
.FACTS
John David Newchurch filed suit against BESE and the State Superintendent of Education alleging that BESE denied his application for a teaching certificate under an invalid regulation, LAC 28:I.903E(1), promulgated by BESE. LAC 28:I.903E(1) in part provides:
a. A Louisiana teaching certificate may be revoked, suspended or denied if the individual holding the certificate has been convicted of any felony offense whatsoever or of a misdemeanor offense that involves [illegal conduct with a minor child and illegal drug offenses].
Newchurch made an application for a teaching certificate in the field of industrial arts education with BESE on January 12, 1996. On his, application he noted that he had been convicted of a felony offense. He had pleaded guilty to one count of conspiracy to maliciously damage and destroy by fire buildings used in interstate commerce. He served six months in a halfway house and successfully completed his probation period in May of 1993. This was his only conviction of a criminal offense.
TRIAL COURT
In rendering judgment in favor of plaintiff, the trial court reasoned that the legislature limited BESE to those felonies under La. R.S. 17:15 A(l), and since the felony for which Newchurch was convicted was not list *1270 ed thereunder, BESE is without grounds to deny Newchurch his teaching certificate.
DISCUSSION
La. R.S. 17:15 A(l) provides:
No person who has been convicted of or has plead[ed] nolo contendere to a crime listed in R.S. 15:587.1(0 shall be hired by a public or private elementary or secondary school system as a teacher, substitute teacher, bus driver, substitute bus driver, janitor, or a school employee who might reasonably be expected to be placed in a position of supervisory or disciplinary authority over school children unless approved in writing by a district judge of the parish and the district attorney. This statement of approval shall be kept on file at all times by the school and shall be produced upon request to any law enforcement officer.
La.R.S. 15:587.1 C(l) provides:
C. The crimes to be reported under this Section are those defined in:
(1) R.S. 14:30, R.S. 14:30.1, R.S. 14:31, R.S. 14:41 through R.S. 14:45, R.S. 14:74, R.S. 14:78, R.S. 14:79.1, R.S. 14:80 through R.S. 14:86, R.S. 14:89, R.S. 14:89.1, R.S. 14:92, R.S. 14:93, R.S. 14:93.2.1, R.S. 14:93.3, R.S. 14:106, R.S. 14:282, R.S. 14:286, R.S. 40:966(A), R.S. 40:967(A), R.S. 40:968(A), R.S. 40:969(A), and R.S. 40:970(A) or convictions for attempt or conspiracy to commit any of those offenses.
BESE is created by the Louisiana Constitution of 1974 in Article VIII, Section 3(A) which provides:
(A) Creation; Functions. The State Board of Elementary and Secondary Education is created as a body corporate. It shall supervise and control the public elementary and secondary schools, vocational-technical training and special schools under its jurisdiction and shall have budgetary responsibility for all funds appropriated or allocated by the state for those schools, all as provided by law. The board shall have other powers, duties, and responsibilities as provided by this constitution or by law, but shall have no control over the business affairs of a parish or city school board or the selection or removal of its officers and employees.
The authority of BESE to prescribe the qualifications and provide for the certification of teachers is granted by La. R.S. 17:7(6)(a)(i) which in part provides:
Prescribe the qualifications and provide for the certification of teachers in accordance with applicable law, which qualifications and requirements shall be such as to insure that certification shall be a reliable indicator of the minimum current ability and proficiency of the teacher to educate at the grade level and in the subjeet(s) to which the teacher is assigned.
La. R.S. 17:7.1 A provides that “the qualifications and requirements established by [BESE] for certification of any applicant for certification who completes an approved teacher education program in Louisiana shall include, but not be limited to” certain requirements as spelled out therein. However, La. R.S. 17:7.1 C makes it clear that “[BESE] may adopt such rules as are necessary for the orderly implementation of this Section and may make further provisions with regard to qualifications and requirements not inconsistent with this Section." (Emphasis added.)
BESE adopted a policy which in part provides:
A Louisiana teaching certificate may be revoked, suspended or denied if the individual holding the certificate has been convicted of any felony offense whatsoever or of a misdemeanor offense that involves (illegal conduct with a minor child and illegal drug offenses).
| Louisiana Administrative Code Title 28, part I, Section 903E(1).
The question is whether the legislature has preempted BESE by enacting La. R.S. 15:587 C(l).
La. R.S. 17:15 was enacted into law as part of Act 760 of 1986. Act 760 is often referred to as the Louisiana Child Protection Act. In addition to prohibiting the hiring of anyone convicted of or who pleaded nolo contendere to a crime listed in La. R.S. 15:587.1(C) by a public or private elementary or secondary school system as a teacher, substitute teach *1271 er, bus driver, substitute bus driver,- janitor, or a school employee who might reasonably be expected to be placed in a position of supervisory or disciplinary authority over school children, Act 760 also impacts the employment of certain individuals by the Department of Public Safety and Corrections and the Department of Health and Human Services. The significance is that Act 760 is not aimed solely at school personnel.
Absent Act 760, there can be no argument made that the legislature intended to restrict the authority of BESE to set the criteria for the certification of teachers by the enactment of Act 760. Certainly, BESE has no part to play in the hiring of bus drivers, janitors and other non-teaching personnel of a public or private school system, yet La. R.S. 17:15 restricts the employment of these positions. What the enactment of La. R.S. 17:15 actually does is limit the employment practices of both public and private school systems in certain instances. Absent a definitive expression by the legislature of any intention to limit the authority of BESE to adopt criteria for the certification of teachers, we find that La. R.S. 17:15 does not interfere with the certification of teachers by BESE.
Therefore, for the above reasons, the judgment of the trial court is reversed, and there is now judgment in favor of BESE and the State Superintendent of Education dismissing plaintiff’s suit. All costs are assessed against plaintiff-appellee.
REVERSED AND RENDERED.