Dear Mr. Widhalm:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In your request, you explained that your school, the Louisiana School for Math, Sciences, and the Arts, requests criminal background checks on all prospective employees as required by Louisiana Revised Statutes 15:587.1 and17:15. You also explained that when the requested background check is returned to you, it contains the following stipulation:
 "Notice — the response to your request for a criminal history check is based on a review of the State of Louisiana's criminal history records database only. This does not preclude the possible existence of a record in a local agency (Sheriff's Office, Police Department), a State other than Louisiana, or the FBI Identification Division Files."
Based upon this, you posed the following questions in your request:
 1. Whether the limited records check conducted by the Louisiana Bureau of Criminal Identification and Information satisfies the requirements of Louisiana Revised Statutes 15:587.1 and 17:15? *Page 2 
 2. Whether the limited records check conducted by the Louisiana Bureau of Criminal Identification and Information would be sufficient to indemnify the school against legal action if the school employs a person who has a criminal record that is not discovered as a result of the records check performed by the Bureau?
For the reasons explained below, it is the opinion of this office that the limited background check conducted by the Louisiana Bureau of Criminal Identification and Information is not sufficient to satisfy the requirements of Louisiana Revised Statutes 15:587.1 and 17:15, nor is it sufficient to indemnify the school from liability if the school employed a person with a criminal record that could have been discovered by the search as required by Louisiana law.
Louisiana Revised Statute 17:15(A)(1)(a) states that "[n]o person who has been convicted of or has pled nolo contendere to the crime listed in R.S. 15:587.1(C) shall be hired by any city, parish, or other local public school board or any nonpublic school or school system . . . as a temporary, part-time, or permanent school employee of any kind . . ." See Newchurch v.Lousiana State Board of Elementary and Secondary Education,
1997-1622 (La.App. 1 Cir. 6/29/98), 713 So. 2d 1269, 1270; seealso La. Atty. Gen. Op. Nos. 05-0072, 04-0266, 95-259, 94-240. Further, Section 17:15(B) requires school boards to establish regulations for having these background checks performed by the Louisiana Bureau of Criminal Identification and Information to ensure that they do not employ a person who has been convicted of the offenses listed in LSA-R.S. 15:587.1(C), and these regulations must conform to the provisions of LSA-R.S. 15:587.1.
Louisiana Revised Statute 15:587.1 is also known as the "Louisiana Child Protection Act." See LSA-R.S. 15:587.1(F). According to LSA-R.S. 15:587.1(A)(1), those responsible for hiring persons being considered "for a position of supervisory or disciplinary authority over children" must request a background check from the Louisiana Bureau of Criminal Identification and Information ("Bureau") to determine if the applicant has been convicted of any crimes listed in LSA-R.S. 15:587.1(C). The request must be made on a form provided by the Bureau, signed by the officer of the organization making the request, and accompanied by a signed statement from the person about whom the request is being made. See LSA-R.S. 15:587.1(A)(1). The Bureau may charge the organization requesting the information for the cost of conducting this background check. See LSA-R.S.15:587.1(D)(1).
According to LSA-R.S. 15:587.1(B)(1), a prompt written report will be provided after the request has been made and that report will state whether the applicant has been convicted of any such crimes, the crimes for which he or she was convicted or pleaded nolo contendere, and the dates on which this occurred. *Page 3 
Further, LSA-R.S. 15:587.1(B)(2) states that when the Bureau receives the request, it "shall survey its criminal history records and identification files and make a simultaneous request of the Federal Bureau of Investigation for like information from other jurisdictions." The Louisiana Child Protection Act also allows the Bureau to utilize the National Crime Information Center to assist in conducting these background checks. See
LSA-R.S. 15:587.1(G). Moreover, the list of crimes in LSA-R.S.15:587.1(C) includes specific Louisiana statutes and crimes committed in other jurisdictions or under the Federal Criminal Code that would have constituted one of those enumerated Louisiana crimes if committed in Louisiana. Thus, this statute specifically mandates the Bureau to seek information regarding convictions outside of Louisiana as well as those in Louisiana.
In Ellerbe v. Andrews, the Court discussed the important role of the Louisiana Bureau of Criminal Identification and Information and its duty to provide this information for background checks on those who are to be working with children:
 The legislature established the Bureau (La. R.S. 15:575-597), to provide for the "complete and timely collection, processing, and dissemination of available information on crime, offenders, and the operations of the criminal justice system" through a centralized system in order to promote the improvement of: public safety, sound law enforcement and the administration of justice. La. R.S. 15:575(1). . . . Among the stated functions, powers and duties of the Bureau pursuant to La. R.S. 15:578
are:
 A. (1) To establish and maintain a central repository of criminal history record information and to adopt regulations and procedures to prescribe the terms and conditions under which eligible individuals or agencies may gain access to such information.
 . . .
 (3) To adopt and promulgate regulations to protect the privacy and security of criminal history record information exchanged with the bureau by any state or local criminal justice agency.
 . . .
 The Bureau is mandated to cooperate with the United States Department of Justice and other federal criminal justice agencies and criminal justice agencies of other states to develop a comprehensive state, interstate, nation, and international system of criminal information, identification, investigation records and statistics. La. R.S. 15:584. . . . The Bureau is also required to provide specific information upon request and under certain conditions to employers or others who are responsible for the *Page 4 
actions of persons in a position of supervisory of disciplinary authority over children pursuant to the Louisiana Child Protection Act, La. R.S. 15:587.1.
See Ellerbe v. Andrews, 623 So. 2d 41, 42 (La.App. 1 Cir. 1993).
Accordingly, in response to the first question, the response by the Louisiana Bureau of Criminal Identification and Criminal Information that limits the search only to the state's criminal history record database is insufficient because Louisiana Revised Statutes 17:15 and 15:587.1 mandate that the Bureau conduct a criminal background check on individuals seeking employment in the school system to determine whether the applicant has convictions in Louisiana, other states, and of federal offenses listed in LSA-R.S. 15:587.1(C). The Bureau is mandated by the Louisiana Child Protection Act to conduct a search utilizing its own database and the database of the Federal Bureau of Investigations to search for convictions in other states and federal court.
In regard to the second question, whether the limited search by the Bureau of only Louisiana state records would indemnify the school from liability in the event that a legal action was raised against the school for employing a person who has a criminal record that was not discovered by the search currently conducted by the Bureau, this issue has not been directly addressed by the state's courts. However, it is this opinion of this office that such a limited search would not likely indemnify the school from liability in such an event. In Williams v. Butler,577 So. 2d 1113, 1116 (La.App. 1 Cir. 1991), the court found that "when an employee is to be placed in a position of supervisory and/or disciplinary authority over children, the employer has a duty to properly screen the applicant (and continue to provide screening) to determine if the applicant has been convicted of a crime (or crimes) involving moral turpitude."
The court in Williams v. Butler noted that Louisiana Revised Statutes 17:15 and 15:587.1 had not been in effect at the time that the employee in that case had been hired, but stated that these statutes were "persuasive support for imposing a high standard of care" in the selection of those working with children. See Williams v. Butler, 577 So. 2d at 1116, fn. 1. As discussed earlier, these statutes explicitly mandate that background checks be performed on potential school employees for the offenses enumerated in LSA-R.S. 15:587.1(C), and the Bureau is mandated to access the Federal Bureau of Investigation database to check for convictions in federal court or other state courts. Thus, if this limited background check does not satisfy the statute's requirements, then the courts would likely view this as not meeting the high standard of care necessary to avoid civil liability in the event the school hired someone with a criminal record that was undiscovered through the Bureau's limited search. *Page 5 
If this office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ________________________ KRISTI DEASON HAGOOD ASSISTANT ATTORNEY GENERAL *Page 6 
 ATTACHMENT
La. Atty. Gen. Op. No.
La. Atty. Gen. Op. No. 05-0072, 2005 WL 1190386 (La.A.G.)
(Cite as: 2005 WL 1190386 (La.A.G.))
 Office of the Attorney General State of Louisiana *1 Opinion No. 05-0072 April 11, 2005
15 COURTS
LSA-R.S. 15:825.3;
LSA-R.S. 15:587.1(C);
LSA-R.S. 44:9;
LSA-R.S. 44:9(G);
LSA-Ch.C. arts. 917—922;
The Orleans Parish Juvenile Court may not employ someone that has been convicted of one of the crimes listed in LSA-RS15:587.1(C).
Pursuant to LSA-R.S. 44:9, there is no prohibition placed upon the Orleans Parish Juvenile Court to employ someone that has had their criminal record expunged, so long as it was not for a crime pursuant to LSA-R.S. 15:587.1(C).
A person who is suspected of having a juvenile delinquency record that has been expunged pursuant to LSA-Ch.C. arts.917—922, should not be denied employment pursuant to the strict guidelines pertained in the respective statutes. If employment is denied, the denial must be based upon information outside of the persons purported juvenile delinquency record.
Attn: Geoffrey M. Stewart Orleans Parish Juvenile Court 421 Loyola Avenue New Orleans, Louisiana 70112
Dear Mr. Stewart:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You asked the following questions:
1) May the Orleans Parish Juvenile Court employ an individual who has been arrested for or convicted of a crime?
2) Is there any provision in state or federal law that would prohibit the *Page 7 
Orleans Parish Juvenile Court from hiring an individual who has had his record expunged?
3) Does any law require the Orleans Parish Juvenile Court to deny employment to a prospective employee who has expunged his juvenile delinquency record pursuant to LSA-Ch.C. art. 917 et seq?
4) What if the Orleans Parish Court was aware of such a juvenile expungement because said expungement was ordered in that court?
5) Can the Orleans Parish Juvenile Court consider such information in making a hiring decision?
To address your first question, pursuant to LSA-R.S. 15:825.3, "No operator, staff person, or employee of a juvenile detention, correction, or treatment facility shall be hired by the department until such person has submitted his fingerprints to the Louisiana Bureau of Criminal Identification and Information so that it may be determined whether or not such person has been convicted of or has pled nolo contendere to a crime listed in R.S. 15:587.1(C). If it is determined that such person has such a conviction or has entered a plea of nolo contendere to a crime listed in R.S. 15:587.1(C), that person shall not be hired." K.S. v. Summers, 2001-0794 (La.App. 1 Cir. 5/23/01), 799 So.2d 510.
Furthermore, LSA-RS 15:587.1(C). states "[t]he crimes to be reported under this Section are those defined in:
(1) R.S. 14:30, R.S. 14:30.1, R.S. 14:31, R.S. 14:41 through R.S. 14:45, R.S. 14:74, R.S. 14:78, R.S. 14:79.1, R.S. 14:80
through R.S. 14:86, R.S. 14:89, R.S. 14:89.1, R.S. 14:92, R.S.14:93, R.S. 14:93.2.1, R.S. 14:93.3, R.S. 14:106, R.S. 14:282, R.S. 14:286, R.S. 40:966(A), R.S. 40:967(A), R.S. 40:968(A), R.S.40:969(A), and R.S. 40:970(A) or convictions for attempt or conspiracy to commit any of those offenses;
*2 (2) Those of a jurisdiction other than Louisiana which, in the judgment of the bureau employee charged with responsibility for responding to the request, would constitute a crime under the provisions cited in this Subsection, and
(3) Those under the Federal Criminal Code having analogous elements of criminal and moral turpitude."
Therefore, pursuant to the statues referenced, it is the opinion of this office that the Orleans Parish Juvenile Court may not employ someone that has been convicted of one of the crimes listed in LSA-RS 15:587.1(C). In reference to a person that has been arrested for a crime, there is no statute or case law that governs this matter.
To address your second question, LSA-R.S. 44:9 sets forth the guidelines and rules that regulate expungements. Pursuant to LSA-R.S. 44:9(G), `Expungement' means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Nursing, the Louisiana State Board of Dentistry or the Louisiana State Board of Examiners of Psychologists. The general rule sets forth that an expunged record is confidential as to the public. *Page 8 
The purpose of the expungement provisions in the public records law is to allow citizens to avoid embarrassment and harassment generated by a public criminal record that had not been timely prosecuted or that has been dismissed. State v. Simms,357 So.2d 1095 (La. 1978). However, only the public will be forbidden from obtaining information regarding arrest; all law enforcement agencies will maintain confidential, non-public access to these records.
Thus, an expungement does not affect the collection and processing of criminal history record information by the Louisiana Department of Public Safety Corrections or the Louisiana Bureau of Criminal Identification Information. An expungement does not affect the non-public dissemination of such information to any court, criminal justice agency or law enforcement agency involved in the detection, investigation, apprehension, prosecution, sentencing, confinement, release, or rehabilitation of criminal offenders. State v. Savoie, 92-1586 (La. 5/23/94), 637 So.2d 408.
It is the opinion of this office, pursuant to LSA-R.S. 44:9, that there is no prohibition placed upon the Orleans Parish Juvenile Court to employ someone that has had their criminal record expunged, so long as it was not for a crime pursuant to LSA-R.S. 15:587.1(C). In reference to federal law prohibiting the employment of a person with an expunged record, there is no statute or case law that governs this matter.
To address your third question, in Louisiana, LSA-Ch.C. arts.917—922 govern expungement of records of juvenile criminal conduct. These articles express what juvenile delinquency records and reports that may be expunged, State v. L.B., 179, 95 2116 (La.App. 1 Cir. 5/30/96), 676 So.2d. LSA-Ch.C. art. 920(A) states, "[a]n order for the expungement of juvenile court records must be in writing and, except as hereinafter provided, must require that the clerk of court destroy all records relating to the conduct or conditions referred to in the motion for expungement, including but not limited to pleadings, exhibits, reports, minute entries, correspondence, and all other documents." LSA-Ch.C. art. 921(A) (1) states, "[e]xcept as otherwise provided by law, all officials, agencies, institutions, boards, systems, and law enforcement offices, and their employees, agents, and consultants, destroy all reports and records whether on microfilm, computer memory device, or tape, or any other photographic, fingerprint, or any other information of any kind and all kinds or descriptions relating to the conduct or conditions referred to in the motion for expungement." Last. LSA-Ch.C. art. 922 states that, "[e]xcept for the limited purposes stated in Articles 920 and 921, upon an order of expungement, the conduct and conditions expunged are considered nonexistent and are to be treated as such upon inquiry. These statutes call for the destruction of all records and reports, except for the limited purposes stated in Articles 920 and 921, and are to be considered as nonexistent upon inquiry.
*3 Therefore, it is the opinion of this office that a person who is suspected of having a juvenile delinquency record that has been expunged pursuant to LSA-Ch.C. arts. 917—922, should not be denied employment pursuant to the strict guidelines pertained in the respective statutes. If employment is denied, the denial must be *Page 9 
based upon information outside of the persons purported juvenile delinquency record.
To address questions four and five, this office does not have any opinion(s) concerning this matter. You may want to forward your inquiry to the Judiciary Commission or the Board of Ethics regarding these questions.
If the office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
Charles C. Foti Jr.
Attorney General
By: Marty White
Assistant Attorney General *Page 10 
 Office of the Attorney General State of Louisiana *1 Opinion No. 04-0266 September 23, 2004
94 — SCHOOLS AND SCHOOL DISTRICTS — Administration, Government and Officers
101 — SCHOOLS AND SCHOOL DISTRICTS — Bus Drivers, Custodians, Cafeteria Workers
LSA-R.S. 17:15
LSA-R.S. 15:587.1(A) (C)
LSA-R.S. 17:15 does not impose an obligation on school boards in reference to the continued employment of a current employee or the hiring of a potential employee who has an active and pending criminal charge which is enumerated in LSA-R.S. 15:587.1(C), but has not been convicted of the same.
Mr. Kirk Williams Attorney City of Baker School Board P.O. Box 680 Baker, Louisiana 70704
Dear Mr. Williams:
I am in receipt of your request for an Attorney General's opinion concerning the obligations and responsibilities of the City of Baker School Board pursuant to LSA-R.S. 17:15 regarding the continued employment of a current employee or the hiring of a potential employee who has an active and pending criminal charge which is enumerated in LSA-R.S. 15:587.1(C).
Title 17 deals with general school law with Subpart A pertaining to the Board of Elementary and Secondary Education. LSA-R.S. 17:15 (A) (1), (2) (a), and (B) state the following in pertinent part concerning a criminal history review:
A. (1) No person who has been convicted of or has pled nolo contendere to a crime listed in R.S. 15:587.1 (C) shall be hired by a public or private elementary or secondary school system as a teacher, substitute teacher, bus driver, substitute bus driver, janitor, or a school employee who might reasonably be expected to be placed in a position of supervisory or disciplinary authority over school children unless approved in writing by a district judge of the parish and the district attorney. This statement or approval shall be kept on file at all *Page 11 
times by the school and shall be produced upon request of any law enforcement officer. Also, not later than thirty days after its being placed on file by the school, the school principal shall submit a copy of the statement of approval to the state superintendent of education.
(2) (a) A city or parish school board shall dismiss:
(i) Any permanent teacher who has supervisory or disciplinary authority over school children upon the final conviction of such teacher of any crime listed in R.S. 15:587.1(C), except R.S.14:74, and any permanent teacher who has pled nolo contendere to any crime listed in R.S. 15:587.1(C), except R.S. 14:74, after a hearing held pursuant to the provisions of Part II of Chapter 2 of this Title.
(ii) Any other school employee having supervisory or disciplinary authority over school children if such employee is convicted of or pleads nolo contendere to a crime listed in R.S.15:587.1(C), except R.S. 14:74.
(iii) The superintendent of schools of any school system dismissing an employee pursuant to the provisions of this Paragraph shall notify the state superintendent of education of the employee's dismissal not later than thirty days after such dismissal.
*2 B. The board shall establish, by regulation, requirements and procedures consistent with the provisions of R.S. 15:587.1
under which the school systems shall determine whether an applicant or employee has been convicted of or pled nolo contendere to crimes listed in R.S. 15:587.1(C), except R.S.14:74. Included in this regulation shall be the requirement and the procedure for the submission of a person's fingerprints in a form acceptable to the Louisiana Bureau of Criminal Identification and Information prior to employment of such person. A person who has submitted his fingerprints to the Louisiana Bureau of Criminal Identification and Information may be temporarily hired pending the report from the bureau as to any convictions of or pleas of nolo contendere by the person to a crime listed in R.S. 15:587.1(C), except R.S.14:74.
 * * *
LSA-R.S. 15:587.1, also referred to as the "Louisiana Child Protection Act," addresses criminal procedure concerning the protection of children, requiring the following in pertinent part:
A. (1) As provided in R.S. 15:825.3, R.S. 17:15, Children's Code Article 424, and R.S. 46:51.2 and 1441.13, any employer or others responsible for the actions of one or more persons who have been given or have applied to be considered for a position of supervisory or disciplinary authority over children shall request in writing that the bureau supply information to ascertain whether that person or persons have been convicted of, or pled nolo contendere to, any one or more of the crimes listed in Subsection C. The request must be on a form prepared by the bureau and signed by a responsible officer or official of the organization making the request. It must include a statement signed by the person about whom the request is made which gives his permission for such information to be released.
 * * *
C. The crimes to be reported under this Section are those defined in: *Page 12 
(1) R.S. 14:30, R.S. 14:30.1, R.S. 14:31, R.S. 14:41 through R.S. 14:45, R.S. 14:74, R.S. 14:78, R.S. 14:79.1, R.S. 14:80
through R.S. 14:86, R.S. 14:89, R.S. 14:89.1, R.S. 14:92, R.S.14:93, R.S. 14:93.2.1, R.S. 14:93.3, R.S. 14:106, R.S. 14:282, R.S. 14:286, R.S. 40:966(A), R.S. 40:967(A), R.S. 40:968(A), R.S.40:969(A), and R.S. 40:970(A) or convictions for attempt or conspiracy to commit any of those offenses.
 * * *
These statutes apply when a school employee might reasonably be expected to be placed in a position of supervisory or disciplinary authority over school children. Additionally, LSA-R.S. 17:15 applies only when a person has been convicted of or has pled nolo contendere to a crime listed in LSA-R.S.15:587.1(C). Therefore, in response to your inquiry, LSA-R.S.17:15 does not impose an obligation on school boards in reference to the continued employment of a current employee or the hiring of a potential employee who has an active and pending criminal charge which is enumerated in LSA-R.S. 15:587.1(C), but has not been convicted of the same.
*3 I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
Charles C. Foti, Jr.
Attorney General
By: Beth Conrad Robinson
Assistant Attorney General
 La. Atty. Gen. Op. No. 04-0266, 2004 WL 2359672 (La.A.G.) *Page 13 
 Office of the Attorney General State of Louisiana *1 Opinion No. 95-259 July 14, 1995
100 SCHOOL TEACHERS
LSA-R.S. 14:82; LSA-R.S. 17:15(2) (a) (ii); LSA-R.S.15:587.1(C); LSA-R.S. 14:74; LSA-R.S. 14:74; LSA-R.S. 37:2950; LSA-R.S. 37:2950
School teacher properly dismissed from employment after entering plea of nolo contendere to the charge of prostitution.
Honorable Danny R. Mitchell, Sr. Representative 2332 Jewella Avenue, Suite B Shreveport, LA 71109
Dear Representative Mitchell:
This office is in receipt of your opinion request dated June 14, 1995, wherein you relate that a school teacher tendered a plea of nolo contendere to the charge of prostitution, a misdemeanor crime as defined in LSA-R.S. 14:82, in 1986. Recently, he applied for and was accepted for employment by a local school district; however, when a criminal history review was conducted, and the foregoing conviction discovered, his employment was terminated pursuant to LSA-R.S. 17:15 (2) (a) (ii). This statute provides, in pertinent part:
(2) (a) (ii) A city or parish school board shall dismiss:
(i) Any permanent teacher who has supervisory or disciplinary authority over school children upon the final conviction of such teacher of any crime listed in LSA-R.S. 15:587.1(C) except LSA-R.S. 14:74 or any permanent teacher who has pled nolo contendere to any crime listed in LSA-R.S. 15:587.1(C), except LSA-R.S. 14:74 after a hearing held pursuant to the provisions of Part II of Chapter 2 of the Louisiana Revised Statutes of 1950.
(ii) Any other school employee having supervisory or disciplinary authority over school children if such employee is convicted of or pleads nolo contendere to a crime listed in LSA-R.S. 15:587.1(C), except LSA-R.S. 14:74. (Emphasis added).
One of the crimes enumerated in LSA-R.S. 15:587.1(C) is LSA-R.S. 14:82, concerning prostitution, and accordingly, immediate termination of this employee would be required by law. *Page 14 
Your concern arises from an apparent conflict with the foregoing statute and the language of LSA-R.S. 37:2950, providing, in pertinent part:
§ 2950. Felony convictions effect on trade, occupational and professional licensing
A. Notwithstanding any other provisions of law to the contrary, a person shall not be disqualified, or held ineligible to practice or engage in any trade, occupation, or profession for which a license, permit or certificate is required to be issued by the state of Louisiana or any of its agencies or political subdivisions, solely because of a prior criminal record, except in cases in which the applicant has been convicted of a felony, and such conviction directly relates to the position of employment sought, or to the specific occupation, trade or profession for which the license, permit or certificate is sought. (Emphasis added).
We express doubt as to whether the provisions of LSA-R.S.37:2950 would, in any event, be applicable to those teachers governed by the provisions of Title 17. However, we are able to resolve the issue according to the rules of statutory construction.
*2 A general rule of statutory interpretation provides that laws are to be construed as a whole, and each part must be given effect where such a result can be reasonably achieved; it cannot be presumed that meaningless clauses and phrases were enacted. Pickering vs. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir. 1983). Further, words used in a statute should be given ordinary and usual significance. Breaux vs. City of Lake Charles,338 So.2d 1205 (La.App. 3rd Cir. 1976). LSA-R.S. 37:2950 clearly provides that "notwithstanding" other laws to the contrary that a person shall not be disqualified from employment solely because of a prior criminal record except in those cases in which he has been convicted of a felony. The word "notwithstanding" means "despite", and application of this statute to the instant matter would require this person to be reinstated, as his plea to a misdemeanor crime would not be sufficient to invoke the penalty of LSA-R.S. 37:2950.
However, the rule of statutory construction which resolves this conflict provides that while a later act does not repeal an earlier statute on the same subject matter, it does have the effect of superseding such prior law insofar as the provisions of the earlier act are in conflict with the latest expression of the legislative will. D'Agostino vs. City of Baton Rouge,504 So.2d 1082 (La.App. 1st Cir. 1987) at page 1085. For this reason, we conclude that LSA-R.S. 17:15 (2) (a) (ii), being the most recent expression of legislative intent, is controlling in this matter. The person in question was properly terminated pursuant to that statute.
Finally, we attach for your further information a copy of recently released Attorney General Opinion 94-204. It is relevant to the question you raised insofar as it stands for the proposition that, as applied to the instant matter, a conviction set aside pursuant to LSA-C.Cr.P. Art 893 does not remove the conviction from review for purposes of LSA-R.S. 17:15 (2) (a) (ii). *Page 15 
Should you have further questions, please contact our office.
Very truly yours,
Richard P. Ieyoub
Attorney General
Kerry L. Kilpatrick
Assistant Attorney General
 La. Atty. Gen. Op. No. 95-259, 1995 WL 508178 (La.A.G.) *Page 16 
 Office of the Attorney General State of Louisiana *1 Opinion No. 94-240 June 20, 1994
22-A — EDUCATION — DEPARTMENT OF
100 — SCHOOLS AND SCHOOL DISTRICTS — Teachers, Principals 
Superintendents, Sabbatical Leave, Extracurricular Activities, Students
LSA-R.S. 17:15
LSA-R.S. 17:15.2 (a) (i) and (ii)
LSA-R.S. 15:587.1 (c)
LSA-R.S. 14:74
A school board must dismiss a permanent teacher upon a final conviction of such teacher or any other employee if convicted or pleads nolo contendere to any crime listed in LSA-R.S.15:587.1(c) except LSA-R.S. 14:74 even if the individual was employed prior to the effective date of the act.
The Honorable John L. Diasselliss, III Assistant District Attorney P.O. Box 6 Edgard, LA 70049
Dear Mr. Diasselliss,
You have requested an opinion on behalf of St. John the Baptist's School Board as to whether or not a school board must or may dismiss an employee who pleaded guilty or was convicted of one of the mentioned crimes in LSA-R.S. 17:15 and was employed prior to the effective date of the act. LSA-R.S. 17:15 Section 2 (a) (i) and (ii) refer to the dismissal of a teacher or any other school employee who has pled nolo contendere or guilty to any crime listed in LSA-R.S. 15:587.1(C) except LSA-R.S. 14:74. The statute provides in pertinent part as follows:
(2) (a) A city or parish school board shall dismiss:
(i) Any permanent teacher who has supervisory or or disciplinary authority over school children upon the final conviction of such teacher of any crime listed in R.S.15:587.1(C), except R.S. 14:74 after a hearing held pursuant to the *Page 17 
provisions of Part II of Chapter 2 of the Louisiana Revised Statutes of 1950.
(ii) Any other school employee having supervisory or disciplinary authority over school children if such employee is convicted of or pleads nolo contendere to a crime listed in R.S.15:587.1 (C), except R.S. 14:74.
Since the statute indicates that a city or parish school board "shall" dismiss, a permanent teacher or any other school employee under these circumstances, the dismissal is mandatory. You have indicated that this particular employee was employed prior to the effective date of the act. However, the statute does not provide a grandfather clause for a teacher or other employee under these circumstances. Therefore, this statute applies to all teachers and employees of a school board.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
Richard P. Ieyoub
Attorney General
By: Beth Conrad Langston
Assistant Attorney General
1994-95 La. Op. Atty. Gen. 38, La. Atty. Gen. Op. No. 94-240,1994 WL 379538 (La.A.G.)