STATE OF LOUISIANA
v.
JUAN VERRETTE.
No. 2007 KA 0853.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
CAMILLE A. MORVANT, District Attorney, STEVEN M. MILLER, Assistant District Attorney, Counsel for Appellee, State of Louisiana.
JANE L. BEEBE, Louisiana Appellate Project, Counsel for Defendant/Appellant, Juan Verrette.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
The defendant, Juan Verrette, was charged by amended bill of information with one count of possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967(A)(1), and pled not guilty. The bill of information also set forth that the defendant was a multiple offender with three prior convictions for possession of cocaine. See LSA-R.S. 40:982. Following a jury trial, he was found guilty as charged. He was sentenced to thirty years at hard labor. This court affirmed the conviction and sentence in an unpublished decision. State v. Verrette, 2004-2229 (La. App. 1 Cir. 6/10/05), 904 So.2d 970, writ denied, 2005-2590 (La. 5/26/06), 930 So.2d 20. Thereafter, the defendant filed an application for post-conviction relief in the trial court, which was granted; his conviction and sentence were set aside, and he was granted a new trial. The bill of information was amended to delete reference to the defendant's prior convictions. Following a jury trial, he was found guilty of the responsive offense of possession of cocaine, a violation of LSA-R.S. 40:967(C). He was sentenced to five years at hard labor. He now appeals, designating one assignment of error: The trial court erred in granting the State's motion in limine to prevent the defense from cross-examining two police officers, who were witnesses at trial, about their simple battery convictions, which had been expunged. We affirm the conviction and sentence.

FACTS
On March 2-3, 2003, agents with the Lafourche Parish Drug Task Force were assigned to Bon Service Shopping Center in Larose in connection with a Mardi Gras parade. The previous year, numerous narcotics arrests had been made at that location. Over the course of approximately thirty minutes around midnight, agents noticed the defendant make three trips to his vehicle with different people. Agents were familiar with Terry Bourg, the third person who went to the defendant's vehicle with him, as a narcotics user.
Within seconds of Bourg and the defendant getting into the defendant's vehicle, Agent John Champagne approached the vehicle. By the dome light of the vehicle, Agent Champagne saw the defendant and Bourg leaning over towards the middle of the vehicle. As Agent Champagne identified himself, the defendant closed the vehicle's console and turned his back to the console. Agent Champagne explained that he and his colleagues had seen the defendant making multiple trips to his vehicle with different people and asked the defendant if he would consent to a search of the vehicle. The defendant was hesitant to consent, but once Agent Champagne explained that he could call a K-9 unit to walk around the vehicle and see if the dog alerted to drugs, the defendant signed a consent to search form for his vehicle.
Thereafter, Agent Kevin Johnson recovered crack cocaine and powder cocaine from a Centrum bottle in the console of the vehicle.
Terry Bourg testified he was convicted of distribution of LSD in 1992, possession of marijuana in 2002, and distribution of hydrocodone in 2006. He conceded he was in the vehicle with the defendant on the night in question, but denied putting cocaine in the vehicle's console.

MOTION IN LIMINE
In his sole assignment of error, the defendant argues that the trial court erred in ruling that prior simple battery convictions of two police officer witnesses, which had been dismissed under LSA-C.Cr.P. art. 894(B), were not convictions for purposes of LSA-C.E. art. 609.1(B).
When a defendant has been convicted of certain misdemeanors, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed, provided suspension is not prohibited by law. LSA-C.Cr.P. art. 894(A)(1). When the imposition of sentence has been deferred by the court, and the court finds at the conclusion of the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. LSA-C.Cr.P. art. 894(B)(1). The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. LSA-C.Cr.P. art. 894(B)(2).
In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations. LSC.E. art. 609.1(A). Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal. LSA-C.E. art. 609.1(B).
Following the selection of the jury, the State moved to prohibit references to the Thibodaux City Court simple battery convictions of Narcotics Agents Josh and John Champagne because the convictions had been dismissed under LSA-C.Cr.P. art. 894. The defense argued that even if dismissal of a conviction occurred under Article 894, the conviction was still available for enhancement purposes, and thus, the conviction still existed. The defense claimed that Article 894 read in connection with LSA-C.E. art. 609.1(B) was ambiguous because while convictions were admissible against a witness on the issue of his credibility, no inquiry was permitted into matters for which there had been an acquittal. The court granted the motion in limine, ruling:
The clear statement of [LSA-C.Cr.P. art. 894(B)(2)] is that the dismissal of the prosecution pursuant to Article 894, paragraph B, will have the same effect as an acquittal except for the listed exceptions, which do not encompass the situation in this case.
The evidence of these convictions [is] not being used for purposes of enhancement. They're being used for purposes of testing the credibility of a witness. If the legislature wished to allow the use of a conviction which has been set aside under the provisions of Article 894, paragraph B, for any purpose other than for proof of prior convictions, the legislature would have set forth that information in the statute.
The Court would also note that this evidence of a prior conviction is not being used to prove bias on the part of these witnesses. It's not being used to show animus towards the defendant. It's not being used to show that there is some propensity on the part of these defendants to commit a battery upon Mr. Verrette. It was attempted to be used solely for the purpose of attacking [their] credibility. And it is for these reasons that the Court will grant the State's motion in limine.
The defense objected to the court's ruling.
The trial court correctly granted the motion in limine. Under Article 894, if the defendant successfully completes the probation suspension period, then the court may set the conviction aside and dismiss the prosecution. The dismissal in all respects has the effect of an acquittal except that it may be used as a first offense in later prosecutions. The article is clearly intended as a rehabilitative device that restores all of the defendant's civil rights and prevents the exploitation of a prior criminal record. Only when the defendant commits a later offense that makes him susceptible of prosecution as a multiple offender can his prior record be used against him. State v. Bradley, 360 So.2d 858, 862 (La. 1978) (emphasis original).
This assignment of error is without merit.

REVIEW FOR ERROR
The defendant asks that this court examine the record for error under LSA-C.Cr.P. art. 920(2). This court routinely reviews the record for such errors, whether or not such a request is made by a defendant. Under LSC.Cr.P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible errors. See State v. Price, 2005-2514, pp. 18-22 (La. App. 1 Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc).
CONVICTION AND SENTENCE AFFIRMED.