RONNIE CLEARY, ET AL.
v.
KERRY M. OWENS, ET AL.
No. 08-243.
Court of Appeals of Louisiana, Third Circuit.
December 3, 2008.
NOT FOR PUBLICATION
CHARLES L. CHASSAIGNAC, IV, JAMES ERIC JOHNSON, BRYAN J. HAYDEL, Poteous, Hainkel & Johnson, L.L.P., Counsel for Appellants: Terry Meche and Farm Bureau General Insurance of Michigan.
PRIDE J. DORAN, The Doran Law Firm Counsel for Appellee: Ronnie Cleary.
Court composed of COOKS, PAINTER and ROY, pro tem, Judges.
COOKS, Judge.
On March 16, 2001, Ronnie Cleary was driving north on Moss Street in Lafayette, Louisiana. He approached the intersection at Gloria Switch Road, which is controlled by a traffic light. As he came to the intersection, Mr. Cleary had the green light and proceeded to make a left turn. Defendant, Terry Meche, was approaching the intersection from the west on Gloria Switch Road. Despite the red light at the intersection, Meche proceeded into the intersection and collided with Cleary's vehicle. Witnesses testified that Meche's vehicle was traveling at a high rate of speed and that Cleary had the green light when he made his turn.
Officer Todd Huval of the Lafayette Police Department was the first officer on the scene. He called Officer Richard Reese to the scene because he felt Meche was displaying several signs of intoxication. On the date of the accident, Officer Reese was assigned to the Alcohol Traffic Action Campaign program, which was a program designed "to cut down on the number of impaired drivers." Officer Reese found Meche had a strong odor of alcohol emanating from his body. He also noticed Meche was "swaying" and "unsure" of his movements. Officer Reese testified that Meche exhibited four of the six points on the Horizontal Gaze Nystagmus test. Meche refused to perform the "Walk and Turn" test or the "One-leg Stand" test. Officer Reese stated Meche refused to answer questions pertaining to what and how much he had to drink that night. Meche was eventually cited with operating a vehicle while intoxicated and disobeying a red light.
As a result of the accident, Cleary sustained injuries to his right knee, back and neck. Cleary brought an action for personal injury, including a claim for punitive damages against Meche and his insurer, Farm Bureau General Insurance of Michigan. The matter was tried to a jury, and a verdict was subsequently returned in favor of Plaintiff and against Defendants. The jury awarded the following damages:

 Past Pain and Suffering $ 35,000.00
 Past Mental Pain and Suffering $ 35,000.00
 Loss of Enjoyment of Life $ 10,000.00
 Past Medical Expenses $ 12,145.00
 Future Medical Expenses $ 60,000.00
 Punitive Damages $150,000.00

Defendants moved for a new trial and/or, in the alternative, a remittitur of the jury verdict amount. They contended the trial court improperly allowed into evidence two prior arrests of Meche and that this improper admission of evidence swayed the jury to award punitive damages based on unproven assertions by Plaintiff's counsel. The trial judge denied the motion. This appeal followed.

ANALYSIS
Defendants argue the trial court's decision to allow evidence of Meche's prior arrests for operating a vehicle while intoxicated was improper and inconsistent with La.Code Evid. art. 404 and La.Civ.Code art. 2315.4. Prior to trial, Defendants objected to the introduction of any evidence of prior acts absent proof or sufficient corroborating evidence of actual guilt. Specifically, Defendants asserted that the introduction of evidence of prior DWI arrests should be limited to circumstances where plaintiff concurrently offers proof of a conviction, either resulting from a guilty plea or after a trial. The trial court overruled the objection and stated that the admissibility of prior arrests was dependent upon a proper foundation and within certain limitations. During cross-examination of Mr. Meche, Plaintiff questioned him regarding two prior arrests. Defendants made a continuing objection to the line of questioning regarding the prior arrests, for the same reasons set forth in the initial objection.
Under La.Code Evid. art. 404, in order for other crimes evidence to have relevance the prior crime, wrong, or act must either illustrate motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident or related to conduct that constitutes an integral part of the act or transaction that is subject of the present proceeding. Defendants contend the purpose of introducing the evidence of the prior arrests was to establish Mr. Meche had a recidivist history of intoxicated driving.
Defendants argue Louisiana jurisprudence has held that evidence of prior arrests is not admissible absent proof of intoxication at the time of such prior incidents. Under Louisiana law, "evidence of an arrest has generally been held to be inadmissible because it constitutes nothing more than an accusation based upon the opinion of the arresting officer." Bienvenu v. Dudley, 95-547, p. 5 (La.App. 1 Cir. 10/3/96), 682 So.2d 281, 284, writs denied, 96 2661, 96-2673 (La. 12/13/96), 692 So.2d 1069, 1070, citing State v. Bradley, 360 So.2d 858, 861 (La.1978). However, as Plaintiff notes, Meche himself admitted to his previous arrests. When counsel for Plaintiff asked Meche if he had previously gotten behind the wheel while intoxicated, instead of answering that question as posed, Meche "volunteered" the fact that he had been arrested for driving while intoxicated in the past. That testimony was as follows:
Q: This is not your first incident where you were driving while intoxicated, correct?
MR. JOHNSON (Defendants' Counsel): Objection, Your Honor, for the reasons stated earlier.
THE COURT: Overruled.
MR. MECHE: No, sir. I was arrested before.
Thus, Meche not only admitted he had driven while intoxicated before, but that he had been previously arrested for that offense. Had he simply answered the question as posed he did not have to mention the previous arrests.
Plaintiff noted in Defendants' opening statement, it referenced a "history" that should have made Meche more aware of the dangers of driving while intoxicated:
There's going to be evidence that, in fact, he did consume some alcohol prior to the accident. The evidence is going to be underwhelming in terms of the allegation of severe intoxication. In fact, Mr. Meche, with his history that Mr. Doran [counsel for Mr. Cleary] has referred to, is very cognizant of the risks, the dangers, the consequences of getting behind a wheel and sitting down in the car. And in this instance, he considered it and made a horrible mistake and that was that he thought that he was okay to operate a vehicle.
Although counsel for Meche seems to imply that Plaintiff's counsel initially referenced Meche's past arrests, a review of the opening statements shows the "history" referred to by the defense was the fact that Meche completed a twelve-step program for ethanol addiction. Thus, there was no reference made by Plaintiff in its opening argument to any past arrests of Meche.
Defendants also point out that counsel for Cleary, in his closing argument, stated that "[n]ot once, not twice, but at least three times this man has gotten severely intoxicated and got behind the wheel." They contend there was no evidence in the record addressing Meche's level of intoxication at the time of the prior arrests, and that this fact "did nothing to stop Plaintiff from planting in the jury's mind the idea that Meche was, in fact, "severely intoxicated." While the record does not contain specific evidence of Meche's level of intoxication at his prior arrests, there was an abundance of evidence to indicate Meche was "severely intoxicated" when he got behind the wheel on the night in question. The jury heard the testimony of Officer Reese who described Meche's level of impairment as extreme and said he was "swaying and unsure" of his footing. He also informed the jury of Meche's uncooperative behavior. The jury also heard that Officer Reese was called to the scene by Officer Huval who found Meche to be exhibiting "several severe signs of intoxication." Laura Henry, who was called as a witness to Meche's demeanor at the accident scene, stated he was "[v]ery intoxicated, not able to stand, using foul language, pretty much just falling down." The jury also heard Plaintiff testify that Meche was "laughing" after the accident. Meche also admitted to the jury that he was intoxicated when he hit Cleary on the night of the accident.
When you combine the abundant evidence of Meche's severe intoxication on the night of the subject accident with his admissions of prior arrests for DWI, the record indicates Meche acted with reckless disregard for the rights and safety of others such as to warrant an award of punitive damages. The jury had ample evidence in the record to render its award, and we do not find the jury was moved by "passion and prejudice" simply because of the one reference made in closing arguments to the number of times Meche's was "severely intoxicated" when he got behind the wheel. We find the jury made a decision to award punitive damages based on the overwhelming weight of the evidence, and we will not disturb that judgment.
We also find no merit in Defendants' argument that the district court's decision to allow evidence of prior arrests deprived Meche of his property in violation of his due process rights because he was not given reasonable notice of Plaintiff's intention to use such evidence at trial. Meche was given sufficient notice of the fact that Plaintiff was in possession of police reports regarding other occasions where he was arrested for driving while intoxicated. Further, although defense counsel argued about the evidentiary admissibility of these "prior bad acts" and "other crimes" at trial, he did not raise any argument concerning insufficient notice at the trial level.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Defendants-Appellants.
AFFIRMED.